Opinion issued November 30, 2006 











Opinion issued November 30,
2006










 

 

 

 














 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00918-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



GERMAN MONROY, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 1011779

 








 



MEMORANDUM OPINION

 

Appellant German Monroy pleaded guilty to the
third-degree felony offense of intoxication assault.  Tex.
Pen. Code Ann. § 49.07(a)(1) (Vernon 2003).  The trial court assessed punishment at seven
years’ confinement.  Monroy’s counsel on
appeal has submitted a brief stating her professional opinion that the appeal
is without merit and that there are no arguable grounds for reversal on appeal.
 See Anders v. California, 386 U.S.
738, 744, 87 S. Ct. 1396, 1400
(1967).  Monroy filed a pro se response.  In one issue, Monroy contends his trial
counsel was ineffective in failing to verify that Monroy had liability
insurance on the day of the car accident that resulted in criminal charges.  Monroy contends that his counsel’s failure
caused him to testify falsely at his punishment hearing, resulting in a greater
sentence.  No record of this testimony
exists because Monroy
waived his right to have a court reporter at his punishment hearing.  We have reviewed the record and, having found no
reversible error, we affirm Monroy’s conviction. 

Anders Procedure

The brief submitted by
Monroy’s court-appointed counsel states her professional opinion that there are
no arguable grounds for reversal on appeal and that any appeal would,
therefore, lack merit.  See Anders, 386 U.S.
at 744, 87 S. Ct. at 1400.  Counsel’s brief meets the minimum Anders
requirements by presenting a professional evaluation of the record
and stating why there are no arguable grounds for reversal on appeal.  See Gainous v. State, 436 S.W.2d 137, 138
(Tex. Crim. App. 1969).  Counsel
sent a copy of the brief to Monroy, requested permission to withdraw from the
case, and notified Monroy of his right to review the record and to file a pro
se response.  The State waived its
opportunity to file a reply to the arguments presented in Monroy’s pro se
response.

When we receive an Anders brief from a defendant’s
court-appointed attorney who asserts that no arguable grounds for appeal exist,
we must determine that issue independently by conducting our own review of the
entire record.  See Anders, 386 U.S. at 744, 87 S. Ct. at 1400
(emphasizing that reviewing court—and not counsel—determines, after full
examination of proceedings, whether case is “wholly frivolous”); Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991).  In
conducting our review, we consider any pro se response that the defendant files
to his appointed counsel’s Anders
brief.  See Bledsoe v. State, 178 S.W.3d 824, 826–28
(Tex. Crim. App. 2005).  

Our role in this Anders appeal, which includes
reviewing the pro se response by Monroy, is limited to determining whether
arguable grounds for appeal exist.  Id. at
827.  If we determine that
arguable grounds for appeal exist, we must abate the appeal and remand the case
to the trial court to allow the court-appointed attorney to withdraw.  Id.
 The trial court must then either appoint
another attorney to present all arguable grounds for appeal or, if the
defendant wishes, allow the defendant to proceed pro se.  Id.
 We do not rule on the ultimate merits of
the issues raised by Monroy in his pro se response.  Id.
 If we determine that there are arguable
grounds for appeal, Monroy is entitled to have new counsel address the merits
of the issues raised.  Id.  “Only
after the issues have been briefed by new counsel may [we] address the merits
of the issues raised.”  Id.

If, on the other hand, we
determine, from our independent review of the entire record, that the appeal is
wholly frivolous, we may affirm the trial court’s judgment by issuing an
opinion in which we explain that we have reviewed the record and have found no
reversible error.  See id. at 826–28.
 The holding that there are no arguable
grounds for appeal is subject to challenge by Monroy by a petition for
discretionary review filed in the Court of Criminal Appeals.  Id.
at 827 & n.6.

In accordance with Anders and Bledsoe, we have reviewed the record,
Monroy’s appointed counsel’s Anders
brief, and Monroy’s pro se response to that brief and conclude that no
reversible error exists.  Having reached
that conclusion, we affirm the judgment of the trial court and grant Monroy’s
appointed counsel’s motion to withdraw.[1]

Conclusion

We affirm the judgment of
the trial court and grant appointed counsel’s motion to withdraw.

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.

Do not publish.  Tex.
R. App. P. 47.2(b).

 











[1] Appointed appellate counsel
still has a duty to inform Monroy of the result of this appeal and that he may,
on his own, pursue discretionary review in the Court of Criminal Appeals.  See Bledsoe v. State, 178 S.W.3d 824, 827 & n.6 (Tex.
Crim. App. 2005); Ex parte Wilson,
956 S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens v. State, 35 S.W.3d 770, 771–72 (Tex. App.—Houston [1st Dist.] 2000, no pet.).