Opinion issued June 21, 2007 

 













In The

Court of Appeals

For The

First District of Texas






NOS. 01-06-00339-CR

 01-06-00340-CR






RANDALL CURTIS SIMPSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause Nos. 1023581 & 1023582






MEMORANDUM OPINION


 Appellant, Randall Curtis Simpson, pleaded guilty to two charges of
aggravated sexual assault of a child. Tex. Pen. Code Ann. § 22.021(a)(1)(B)
(Vernon Supp. 2006). The trial court assessed punishment at confinement for life on
each charge. Simpson's counsel on appeal has submitted a brief stating her
professional opinion that the appeal is without merit and that there are no arguable
grounds for reversal on appeal. See Anders v. California, 386 U.S. 738, 744, 87 S.
Ct. 1396, 1400 (1967). Simpson filed a pro se response contending that his
punishment was unduly harsh and that he was not represented by counsel when he
gave a statement to employees of the Children's Assessment Center. 

 We have reviewed the record and, having found no reversible error, we affirm
Simpson's convictions. 

Anders Procedure

The brief submitted by Simpson's court-appointed counsel states her
professional opinion that there are no arguable grounds for reversal on appeal and
that any appeal would, therefore, lack merit. See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400. Counsel's brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable grounds
for reversal on appeal. See Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App.
1969). Counsel sent a copy of the brief to Simpson, requested permission to
withdraw from the case, and notified Simpson of his right to review the record and
to file a pro se response. The State waived its opportunity to file a reply to the
arguments presented in Simpson's pro se response.

When we receive an Anders brief from a defendant's court-appointed attorney
who asserts that no arguable grounds for appeal exist, we must determine that issue
independently by conducting our own review of the entire record. See Anders, 386
U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court--and not
counsel--determines, after full examination of proceedings, whether case is "wholly
frivolous"); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). In
conducting our review, we consider any pro se response that the defendant files to his
appointed counsel's Anders brief. See Bledsoe v. State, 178 S.W.3d 824, 826-28
(Tex. Crim. App. 2005). 

Our role in this Anders appeal, which includes reviewing the pro se response
by Simpson, is limited to determining whether arguable grounds for appeal exist. Id.
at 827. If we determine that arguable grounds for appeal exist, we must abate the
appeal and remand the case to the trial court to allow the court-appointed attorney to
withdraw. Id. The trial court must then either appoint another attorney to present all
arguable grounds for appeal or, if the defendant wishes, allow the defendant to
proceed pro se. Id. We do not rule on the ultimate merits of the issues raised by
Simpson in his pro se response. Id. If we determine that there are arguable grounds
for appeal, Simpson is entitled to have new counsel address the merits of the issues
raised. Id. "Only after the issues have been briefed by new counsel may [we] address
the merits of the issues raised." Id.

If, on the other hand, we determine, from our independent review of the entire
record, that the appeal is wholly frivolous, we may affirm the trial court's judgment
by issuing an opinion in which we explain that we have reviewed the record and have
found no reversible error. See id. at 826-28. The holding that there are no arguable
grounds for appeal is subject to challenge by Simpson by a petition for discretionary
review filed in the Court of Criminal Appeals. Id. at 827 & n.6.

In accordance with Anders and Bledsoe, we have reviewed the record,
Simpson's appointed counsel's Anders brief, and Simpson's pro se response to that
brief and conclude that no reversible error exists. Having reached that conclusion,
we affirm the judgment of the trial court and grant Simpson's appointed counsel's
motion to withdraw. (1)


 




Conclusion

We affirm the judgments of the trial court and grant appointed counsel's
motion to withdraw.


 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.


Do not publish. Tex. R. App. P. 47.2(b).


 

1. 
[1] Appointed appellate counsel still has a duty to inform Simpson of the result of this
appeal and that he may, on his own, pursue discretionary review in the Court of
Criminal Appeals. See Bledsoe v. State, 178 S.W.3d 824, 827 & n.6 (Tex. Crim.
App. 2005); Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens
v. State, 35 S.W.3d 770, 771-72 (Tex. App.--Houston [1st Dist.] 2000, no pet.).