**Shah Hakeem STEPHENS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–99–01256–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 21, 2000.

---

Lucinda Kay Marshall, Houston, for Appellant.

John B. Holmes, Calvin Hartmann, Houston, for State.

Panel consists of Justices COHEN, TAFT, and PRICE.[1]

## OPINION

PER CURIAM.

On March 6, 1998, appellant entered a negotiated guilty plea to delivery of cocaine weighing less than one gram, and the trial judge assessed punishment at two years in prison, probated for four years, and a $500 fine. In September 1999, the State moved to revoke appellant's probation for failing to report, and appellant pled true for an agreed recommendation of punishment. The trial judge revoked probation and assessed punishment at nine months in state jail and a $500 fine.

Counsel has filed a brief stating her opinion that the appeal is frivolous. The brief meets the requirements of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record and stating why there are no arguable grounds for error on appeal. *See Gainous v. State,* 436 S.W.2d 137, 138 (Tex.Crim.App.1969).

Counsel certifies that the brief was delivered to appellant and he was advised he had a right to file a *pro se* response. Thirty days have passed, and appellant has not filed a *pro se* response.

We have reviewed the record and counsel's brief. We hold there are no arguable grounds for appeal.

We affirm the judgment.

We grant appellant's counsel's motion to withdraw, following *Moore v. State,* 466 S.W.2d 289, 291 n. 1 (Tex.Crim.App.1971). We have previously held that in a frivolous appeal under *Anders,* this Court had no power to dismiss trial-court-appointed counsel for the indigent after determining an appeal was frivolous and that counsel should direct the motion to the trial judge. *See Guzman v. State,* 23 S.W.3d 381, 381–82 (Tex.App.—Houston [1st Dist.] 1999, no pet.). We overrule *Guzman* because it directly conflicts with *Moore. See Moore,* 466 S.W.2d at 291 n. 1 ("... only the appellate court can grant such permission [to withdraw]."); *see also Hudspeth v. State,* 31 S.W.3d 409, 412 (Tex.App.— Amarillo 2000, pet. filed) (designated for publication). *But see Enriquez v. State,* 999 S.W.2d 906, 907–08 (Tex.App.—Waco 1999, order); *Bonner v. State,* 29 S.W.3d 360, 360–61 (Tex.App.—Waco 2000), (order). The en banc Court joins the panel's decision to overrule *Guzman.* However, we emphasize that counsel still has a duty to inform appellant of the result of this appeal and also to inform appellant that he

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

may, on his own, pursue discretionary review in the Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex.Crim.App.1997).