Opinion issued July 17, 2003












In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-02-01027-CR

 01-02-01028-CR

____________


GREGORY HARRISON MURPHY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause Nos. 893020 and 892801






MEMORANDUM OPINION

 Appellant, Gregory Harrison Murphy, pleaded guilty to two charges of
aggravated robbery. After preparation of a presentence investigation report, the trial
court assessed punishment at confinement for 28 years in each case. We affirm.

 Appellant's court-appointed counsel filed a motion to withdraw as counsel
and a brief concluding that the appeals are wholly frivolous and without merit. The
brief meets the requirements of Anders v. California, 386 U.S. 738, 744, 87 S. Ct.
1396, 1400 (1967), by presenting a professional evaluation of the record and
demonstrating why there are no arguable grounds of error to be advanced. See High
v. State, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978); Moore v. State, 845 S.W.2d
352, 353 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd).

 The brief states that a copy was delivered to appellant, whom counsel
advised by letter of his right to examine the appellate record and file a pro se brief. 
See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than 30
days have passed, and appellant has not filed a pro se brief. We have carefully
reviewed the record and counsel's brief. We find no reversible error in the record,
and agree that the appeals are wholly frivolous.

 We affirm the judgments of the trial court.

 We grant counsel's motion to withdraw. (1) See Stephens v. State, 35 S.W.3d
770, 771 (Tex. App.--Houston [1st Dist.] 2000, no pet.). 

PER CURIAM


Panel consists of Justices Hedges, Nuchia, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).
1. Counsel still has a duty to inform appellant of the result of this appeal and also
to inform appellant that he may, on his own, pursue discretionary review in the
Texas Court of Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27
(Tex. Crim. App. 1997).