Opinion issued March 4, 2004
















In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-00671-CR
____________

MARIO GUEVARA SUGAR, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 669853



 
O P I N I O N
               Appellant, Mario Guevara Sugar, pleaded guilty to felony theft with a plea
agreement of deferred adjudication and placement on community supervision for 10
years. The State subsequently filed a motion to adjudicate guilt to which appellant
pleaded not true. After a hearing, the trial court found the allegations in the State’s
motion to be true, adjudicated guilt, and assessed punishment at confinement for two
years. Appellant filed a timely notice of appeal from the judgment adjudicating guilt. 
We dismiss the appeal.

               Appellant’s court-appointed counsel filed a motion to withdraw as counsel
and a brief concluding that the appeal is wholly frivolous and without merit, in
accordance with Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400
(1967).


 In the brief, counsel argues that appellant presented evidence of an inability
to pay the court-ordered restitution and other payments that were conditions of his
community supervision, and that the State failed to prove that appellant had the
ability to pay. Inability to make court-ordered payments is an affirmative defense to
revocation of community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, §
21(c) (Vernon Supp. 2004). When evidence that the probationer is unable to pay fees,
court costs, fines, or restitution is not refuted by the State and the trial court revokes
probation, it is an abuse of discretion. Quisenberry v. State, 88 S.W.3d 745, 749
(Tex. App.—Waco 2002, pet. ref’d).

               Counsel concedes, however, that the Code of Criminal Procedure prohibits 
direct appeal of the trial court’s decision to adjudicate guilt. Tex. Code Crim. Proc.
Ann. art. 42.12, § 5(b) (Vernon Supp. 2004). In Connolly v. State, the Court of
Criminal Appeals held that article 42.12, § 5(b) prohibited review of a claim
challenging the sufficiency of the evidence in the adjudication process. 983 S.W.2d
738, 741 (Tex. Crim. App. 1999). Even an alleged violation of the right to counsel
at an adjudication hearing is not directly appealable because the issue pertains to the
decision to adjudicate. Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992).                Although we would have jurisdiction to address the sufficiency of the
evidence issue if this were an appeal from the revocation of ordinary community
supervision (as in Quisenberry), we agree with counsel that we have no jurisdiction
to address it in the context of an appeal from adjudication of guilt. We have carefully
reviewed the record and counsel’s brief, as Anders requires,


 and agree with counsel
that the appeal is frivolous.

               Accordingly, we grant counsel’s motion to withdraw.


 See Stephens v.
State, 35 S.W.3d 770, 771 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

               We dismiss the appeal.




 
 
                                                             Laura C. Higley

                                                             Justice



Panel consists of Chief Justice Radack, and Justices Jennings and Higley.

Publish. Tex. R. App. P. 47.2(b).