Opinion issued May 6, 2004










In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00833-CR




MICHAEL DWAYNE ELLISON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 888697




MEMORANDUM OPINION

          Appellant, Michael Dwayne Ellison, was charged by information with the
felony offense of injury to a child. Appellant entered a plea of guilty without an
agreed recommendation as to punishment from the State and, following a pre-sentence investigation (PSI), the trial court found appellant guilty and sentenced him
to eight years’ confinement in prison and a $5,000 fine. Appellant’s appointed
counsel on appeal filed a brief in compliance with Anders v. California,


 in which he
stated that he had not identified any arguable points of error on appeal and moved to
withdraw his representation of appellant. 
          Appellant has filed a pro se response to the Anders brief, which he has entitled,
“Brief in Support of Motion to Review Pre-Sentence Investigation and Grant
Appellant New Trial, Sentence, or Time Reduction.”


 When, as here, this Court
received a brief from a defendant’s court-appointed attorney, Anders requires that we
conduct an independent review of the record to determine whether any arguable
grounds for appeal exist. Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991). We may consider any pro se response to the Anders brief, but we do not rule
on the ultimate merits of any issues raised. Stafford, 813 S.W.2d at 511. Instead, we
determine only whether there are any arguable grounds for appeal. Id. If arguable
grounds exist, we must abate the appeal, remand the case to the trial court, and allow
the court-appointed attorney to withdraw. Id. The trial court must then either (1)
appoint another attorney to present all arguable grounds for appeal or (2) allow the
defendant to proceed pro se if that is his wish. Id. at 511 & n.6.
          Although appellant has not specifically identified issues or points of error, we
construe his brief as challenging several matters pertaining to his punishment hearing,
including the determination of punishment and a complaint about correspondence
issued by the trial court to the Harris County District Attorney’s Office. Appellant
also contends that he was not permitted to inspect the PSI report, on which his trial
counsel had allegedly made erroneous notations. We conclude that appellant has
raised no arguable points for appeal. Accordingly, we affirm and grant appellant’s
counsel’s motion to withdraw. In addition, we order that appellant’s postsubmission
brief be stricken as untimely filed. 
Inspection of PSI Report
          Appellant contends that he was not permitted to review the PSI report at the
sentencing phase of his trial, in violation of article 42.12, section 9(d) of the Code of
Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 42.12 § 9(d) (Vernon Supp.
2004). Appellants also asserts that his trial counsel noted an additional misdemeanor
conviction on the PSI report. Article 42.12, section 9(d) requires the trial court to
allow the defendant or his attorney to read the PSI report. Id. Pursuant to article
42.12, section 9(e), the trial court “shall allow the defendant or his attorney to
comment” on the PSI report and, with the trial court’s approval, “introduce testimony
or other information alleging a factual inaccuracy in the investigation report.” Tex.
Code Crim. Proc. Ann. art. 42.12 § 9(e) (Vernon Supp. 2004). 
          Nothing in the record before us indicates that the trial court relied on the
additional information that appellant contends his counsel added to the PSI report. 
In addition, the record reflects that the trial court asked both the State and the defense
whether they had received copies of the PSI report and the addendum to that report. 
Appellant agreed, through his counsel, that he received copies of both. When asked
whether there were “any objections, clarifications, modifications, or corrections” to
the PSI report, appellant, through his counsel, stated that he had none. Despite two
additional requests by the trial court for “any additional evidence” or “anything to say
before sentence is pronounced,” appellant offered nothing. Accordingly, the trial
court accorded appellant his rights under article 42.12, §§ 9(d) and (e). We conclude
that appellant’s contention lacks merit.
          In connection with this contention, appellant asks this Court to examine the PSI
report and grant the relief requested by several motions allegedly filed in the trial
court, copies of which he attached to his appellate brief. Having concluded that the
trial court afforded appellant opportunities to review the PSI report and comment on
it, we decline this request. Moreover, in deciding a case, we are limited to the record
properly filed with this Court and may not consider any of the documents that
appellant has attached to his brief. Pollan v. State, 612 S.W.2d 594, 596 (Tex. Crim.
App. 1981); see Tex. R. App. P. 34.1. We conclude that appellant’s request lacks
merit.
Permission to Appeal
          Appellant also complains of a memorandum that the trial court directed to the
Harris County District Attorney’s office, which mistakenly stated that this was a plea-bargained case in which the punishment assessed did not exceed the State’s
recommendation and that appellant had not been given permission to appeal. Despite
the mistake in this memorandum, the reporter’s record of the punishment hearing
indicates that the trial court gave appellant permission to appeal, and the State does
not contest appellant’s right to appeal. We conclude that appellant’s complaint lacks
merit.
Motion for Probation not “Rectified”
          Appellant asserts a contention that we construe as complaining that the trial
court did not resolve or rule on his motion for probation. The reporter’s record of the
punishment hearing reflects, however, that appellant’s counsel requested probation
for appellant and argued vigorously in support of probation, which the trial court
implicitly denied in imposing sentence. We conclude that appellant’s contention
lacks merit.
Unsupported Contentions Waived
          Appellant further contends that (1) the trial court and the State considered
“hearsay of bad acts and extraneous offenses,” (2) “[t]here is no equivalency to my
previous misdemeanor conviction,” and (3) “punishment was assessed by the judge.”
But appellant offers no citations to the record to support or explain these contentions,
provides no argument that explains the basis of his complaints, and has thus waived
any error. Tex. R. App. P. 38.1(h). We conclude that these contentions lack merit.
Motion to Withdraw
          We grant appellant’s counsel’s motion to withdraw. Moore v. State, 466
S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); Stephens v. State, 35 S.W.3d 770, 771
(Tex. App.—Houston [1st Dist.] 2000, no pet.). In granting the motion to withdraw,
however, we emphasize counsel’s continuing duty to inform appellant of the result
of this appeal and also to inform appellant that he may, on his own, pursue
discretionary review in the Court of Criminal Appeals. See Ex parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens, 35 S.W.3d at 771-772.
Conclusion

          After reviewing appellant’s pro se response and after conducting an
independent examination of the appellate record, we conclude that appellant’s
contentions lack merit and that there are no arguable grounds for appeal. 
Accordingly, we affirm the judgment of the trial court and grant appellant’s counsel’s
motion to withdraw. In addition, we order that appellant’s untimely filed
postsubmission brief be stricken.
 
 

 


                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.

Do not publish. Tex. R. App. P. 47.2(b).