Opinion issued May 4, 2006
















In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-00634-CR
____________

MICHAEL DASHAUN JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 929487



 
MEMORANDUM OPINION ON REHEARING
          Appellant, Michael Dashaun Johnson, filed a motion for rehearing of our
opinion issued on March 3, 2005. A response was requested and received from the
State. After due consideration, we granted appellant’s motion for rehearing on May
31, 2005. We withdraw our opinion and judgment of March 3, 2005, and issue the
following opinion and judgment in their stead.

          Appellant, Michael Dashaun Johnson, was convicted by a jury of burglary of
a habitation and entered into a plea agreement with the State as to punishment. In
exchange for the State’s recommendation of confinement for 40 years, appellant
pleaded true to the allegations in two enhancement paragraphs that he had prior
felony convictions. The trial court sentenced appellant to 40 years’ confinement.


 

          On appeal, appellant’s court-appointed counsel filed an Anders brief stating
that he had not found arguable points of error to raise on appeal. See Anders v.
California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Appellant filed a pro se
response to counsel’s Anders brief asserting three issues that he believed constituted
arguable grounds for appeal. Appellant contends that (1) the trial court erred in
admitting unreliable evidence which violated his due process rights; (2) the evidence
introduced at trial was legally insufficient to support a finding of guilt beyond a
reasonable doubt; and (3) the trial court erred by giving an improper reasonable doubt
instruction which violated his due process guarantees under the 5th, 6th, and 14th
amendments to the United States Constitution. We affirm.Background

          On February 1, 2002, Harshadabe Vyas came home from work to find her
apartment had been burglarized. Houston police responded to the apartment to
investigate the burglary. When the police arrived, they accompanied Vyas into the
home where she noticed that the following items were missing: a purse containing
cash, a computer, a scanner, a printer, several silver coins, a silver pot, jewelry, and
a television. After noticing that the computer desk and some canisters in the kitchen
had been moved, she asked the police officers to check the apartment for fingerprints. 

          Officer Wright, a 21-year veteran with the Houston Police Department, testified
that he dusted multiple items for fingerprints. He was able to process a latent print
from the top corner of the computer desk. The print was a single partial print from
one finger. In total, three partial prints were deemed suitable for identification
purposes. Once these prints were collected and tagged, they were sent for processing
through the Automated Fingerprint Identification System (“AFIS”). The AFIS is a
computer system that is used to take known prints and compare those to unknown
latent prints. 

          Officer Stairhime, a City of Houston law enforcement officer and latent print
examiner, testified that, when a person is arrested, his fingerprints are scanned into
the AFIS database. Stairhime testified that he ran the latent print found in the Vyas
home through AFIS in February of 2002 but did not find a match. Appellant was
arrested on or about April 15, 2002, at which time his fingerprints were taken and run
through AFIS. Although no match was made at that time, appellant’s prints were
again run through AFIS in September of 2002, and the system found a match of an
undisclosed number of ridge points between appellant’s print and the one from the
Vyas burglary scene.

          Stairhime testified that a latent print examiner examines a latent print to
determine whether there is a sufficient amount of ridge detail to make an
identification of a print. He stated that a point is the characteristic of the ridge detail
and that he might find seven to 10 points in common before determining that the
prints are a match. The Houston Police Department has a policy that, if the match
contains fewer than 10 points in common, a second opinion is required. Stairhime
testified that the latent print taken from the Vyas home and the known print of
appellant had 50 points in common. 

DiscussionAppellant’s appointed counsel on appeal has filed an Anders brief, stating that
he has found no arguable points of error to raise on appeal and moving to withdraw
as counsel. See Anders, 386 U.S. at 744, 87 S. Ct. at 1400. The brief meets the
requirements of Anders by presenting a professional evaluation of the record and
detailing why there are no arguable grounds for reversal. Id. 386 U.S. at 744, 87 S.
Ct. 1400; see also High v. State, 573 S.W.2d 807, 810 (Tex. Crim. App. 1978). 
Appellant has filed a pro se brief.

          A court of appeals has two options when an Anders brief and a subsequent pro
se brief are filed. Upon reviewing the entire record, it may determine (1) that the
appeal is wholly frivolous and issue an opinion explaining that it finds no reversible
error or (2) that there are arguable grounds for appeal and remand the cause to the
trial court for appointment of new appellate counsel. Bledsoe v. State, 178 S.W.3d
824, 826-27 (Tex. Crim. App. 2005).

          We have carefully reviewed the entire appellate record. We conclude that there
is no reversible error and that the appeal is wholly frivolous. See id.

 

Conclusion

          We affirm the judgment of the trial court and grant appointed counsel’s motion
to withdraw.


 See Stephens v. State, 35 S.W.3d 770, 771 (Tex. App.—Houston [1st
Dist.] 2000, no pet.). 

 

                                                             George C. Hanks, Jr.

                                                             Justice





Panel consists of Justices Nuchia, Keyes, and Hanks. 

Do not publish. Tex. R. App. P. 47.2(b).