Opinion issued on June 8, 2006










 





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01136-CR




KENNETH R. STAMPS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 990558




MEMORANDUM OPINION

          A jury found appellant, Kenneth R. Stamps, guilty of the offense of possession
of a controlled substance in an amount over 4 grams and less than 200 grams with
intent to deliver, a first degree felony. The appellant’s range of punishment was
enhanced with two prior felony convictions. The trial court sentenced appellant to 40
years in prison. 
           Appellant’s appointed counsel filed an Anders brief stating that, in his opinion,
the record reflects no reversible error and no grounds on for appeal. See Anders v.
California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Appellant filed a pro
se response. In two issues, appellant asserts that (1) the trial court erred in denying
his Batson challenge and (2) there is insufficient evidence to show that he entered
into an agreement to commit the offense of selling or delivering the controlled
substance, but was rather entrapped by law enforcement agents. We affirm. 
Background
          On June 9, 2004, Officer Sinegal was working street level narcotics. He
received a call from an informant about a large amount of cocaine being moved by
a man named, “Ken.” Officer Sinegal recruited Officer King, a female officer, to
assist him in the investigation. Officers Sinegal and King met with the informant,
Pamela Edwards. After meeting, they agreed that Sinegal would pretend to be an ex-convict recently released from prison who was looking to make some money and who
knew Ms. Edwards because he was the father of her child.
          Ms. Edwards called appellant to set up a deal, and Officer Sinegal negotiated
a price for a four ounces of crack cocaine. The agreed price on the deal was $450 a
cookie.


 They agreed on a meeting place, and Officer Sinegal sent marked police
cars to wait for his call.
          Officer Sinegal did not have the money agreed upon, and he sent Officer King
to view the cocaine and notify him. She strapped to her bra a phone with an open line
so that Officer Sinegal could hear what was being said. Officer King got in
appellant’s car and, upon seeing the cocaine and its location, made an excuse to get
out of the car. Officer King then told Officer Sinegal that she had seen the cocaine
and its location.  
          Officer Sinegal told the marked police car to stop appellant’s car. Once the
scene was secured, Officer King identified appellant. Upon confirmation by Officer
Sinegal of the location of the drugs, Officer Griffin located the cocaine in the exact
location where Officer King told him to look. The field test for the drugs was
positive for cocaine. The evidence recovered from appellant was cocaine weighing
112.3 grams including any adulterants and dilutants. 
          At trial, appellant’s counsel was allowed to conduct voir dire, and, at the
conclusion of voir dire, he accepted the jury as impaneled without objection. After
the jury had been selected and the venire panel dismissed, appellant’s trial counsel
presented the trial court with a Batson motion complaining that the jury panel
selection was racially motivated. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712
(1986). Trial counsel argued that none of the African-American prospective jurors
were questioned about disqualifications to serve. The trial court denied the motion
and then allowed the State to give its reasons for striking the African-American
venire members. The trial court made a finding that the State gave racially neutral
reasons for its peremptory strikes and that there was no discriminatory process
involved in selecting the jury.
Discussion
            Appellant’s appointed counsel on appeal has filed an Anders brief, stating that
he has found no arguable points of error to raise on appeal and moving to withdraw
as counsel. See Anders, 386 U.S. at 744, 87 S. Ct. at 1400. The brief meets the
requirements of Anders by presenting a professional evaluation of the record and
detailing why there are no arguable grounds for reversal. Id. 386 U.S. at 744, 87 S.
Ct. 1400; see also High v. State, 573 S.W.2d 807, 810-11 (Tex. Crim. App. 1978). 
Appellant has filed a pro se brief.
          A court of appeals has two options when an Anders brief and a subsequent pro
se brief are filed. Upon reviewing the entire record, it may determine that (1) the
appeal is wholly frivolous and issue an opinion explaining that it finds no reversible
error or (2) there are arguable grounds for appeal and remand the cause to the trial
court for appointment of new appellate counsel. Bledsoe v. State, 178 S.W.3d 824,
826-27 (Tex. Crim. App. 2005).
          We have carefully reviewed the entire appellate record. We conclude that there
is no reversible error and that the appeal is wholly frivolous. See id.Conclusion
          We affirm the judgment of the trial court and grant appointed appellate
counsel’s motion to withdraw.


 See Stephens v. State, 35 S.W.3d 770, 771 (Tex.
App.—Houston [1st Dist.] 2000, no pet.). 
 
                                                             George C. Hanks, Jr.
                                                             Justice


Panel consists of Justices Nuchia, Keyes, and Hanks. 
Do not publish. Tex. R. App. P. 47.2(b).