Opinion issued July 13, 2006



     












In The
Court of Appeals
For The
First District of Texas




NO. 01–05–00519–CR




BRUCE WAYNE WALKER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 1020979




MEMORANDUM OPINION

          Bruce Wayne Walker, appellant, was charged with aggravated robbery
enhanced with two prior felony convictions, the second occurring subsequent to the
final conviction of the first. Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp. 2005);
§ 29.03 (Vernon 2003). Appellant pled not guilty. The jury found him guilty and
assessed punishment at 99 years’ confinement.
          Appellant’s appointed counsel filed an Anders brief stating that, in his opinion,
the record reflects no reversible error and no grounds on which an appeal can be
predicated. See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400
(1967). Appellant filed a pro se response. In six points of error, appellant argues that
(1) the trial court erred in denying his motion to suppress his arrest warrant; the State
committed prosecutorial misconduct by (2) withholding material evidence, (3)
introducing inadmissible evidence of other crimes by appellant, (4) introducing
inadmissible evidence of a defense witnesses character, and (5) eliciting false
testimony; and (6) appellant received ineffective assistance of appellate counsel
because his trial attorney did not identify the previous five points of error.
          We affirm.
Background
          Eric Leon, complainant, was a manager for Pawn One. Around 11:00 p.m. on
December 4, 2004, Leon received a call from Diana Dayton, a woman he had recently
begun to date. She told Leon that she wanted to come over and discuss their
relationship. When she arrived, Leon agreed to go with her to get some food. They
walked to her car, and Leon noticed two men in the back seat. The men, appellant
and Raleigh Hall, got out of the car and forced appellant to get into the car at
gunpoint. The four drove to Pawn One. Appellant and Hall made Leon unlock the
doors, turn off the alarm, and open the vault. Appellant and Hall removed boxes of
jewelry from the vault, along with several guns. After removing the merchandise,
they handcuffed Leon to the vault door and left. Leon broke the chain on the
handcuffs and sounded the alarm.
          Officer Colleen Guidry was assigned to the case. She presented two
photographic arrays to Leon, one including a photograph of Dayton and the other
including a photograph of appellant. Leon identified Dayton immediately, and gave
a tentative identification of appellant. Based on this, arrest warrants were issued for
Dayton and appellant. Around this time, a team of officers set up surveillance on
appellant’s wife’s house and identified Dayton and appellant. Once the warrants were
issued, the police waited for them to leave in a car and pulled them over. Much of the
stolen jewelry and some of the weapons were in the trunk of the car. More of the
merchandise was recovered through various tips and leads.
Discussion
          Appellant’s appointed counsel on appeal has filed an Anders brief, stating that
he has found no arguable points of error to raise on appeal and moving to withdraw
as counsel. See Anders, 386 U.S. at 744, 87 S. Ct. at 1400. The brief meets the
requirements of Anders by presenting a professional evaluation of the record and
detailing why there are no arguable grounds for reversal. Id. 386 U.S. at 744, 87 S.
Ct. 1400; see also High v. State, 573 S.W.2d 807, 810–11 (Tex. Crim. App. 1978). 
Appellant has filed a pro se response.
          A court of appeals has two options when an Anders brief and a subsequent pro
se response are filed. Upon reviewing the entire record, it may determine that (1) the
appeal is wholly frivolous and issue an opinion explaining that it finds no reversible
error or (2) there are arguable grounds for appeal and remand the cause to the trial
court for appointment of new appellate counsel. Bledsoe v. State, 178 S.W.3d 824,
826-27 (Tex. Crim. App. 2005).
          We have carefully reviewed the entire appellate record. We conclude that there
is no reversible error and that the appeal is wholly frivolous. See id.

Conclusion
          We affirm the judgment of the trial court and grant appointed appellate
counsel’s motion to withdraw.


 See Stephens v. State, 35 S.W.3d 770, 771 (Tex.
App.—Houston [1st Dist.] 2000, no pet.).
 
                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Jennings, Hanks, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).