Opinion issued May 31, 2007 






 


 












In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00195-CR

____________


EZRA CHARLES BROWN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 228th District Court 

Harris County, Texas

Trial Court Cause No. 1021855






MEMORANDUM OPINION

 Appellant, Ezra Charles Brown, pleaded guilty to the offense of sexual assault
of a child, and after a pre-sentence investigation hearing, the trial court assessed
punishment at confinement for six years. We affirm.

 Appellant's court-appointed counsel filed a motion to withdraw as counsel and
a brief concluding that this appeal is without merit. Counsel's brief meets the
requirements of Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967),
by presenting a professional evaluation of the record that demonstrates the lack of
arguable grounds of error. See High v. State, 573 S.W.2d 807, 811 (Tex. Crim. App.
1978); Moore v. State, 845 S.W.2d 352, 353 (Tex. App.--Houston [1st Dist.] 1992,
pet. ref'd).

 Counsel represents that he served a copy of the brief on appellant. Counsel
also advised appellant of his right to examine the appellate record and file a pro se
brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than
30 days have passed, and appellant has not filed a pro se brief. We have carefully
reviewed the record and counsel's brief. We find no reversible error in the record,
and agree that the appeal is without merit. We therefore affirm the judgment of the
trial court.

 We grant counsel's motion to withdraw. (1) See Stephens v. State, 35 S.W.3d
770, 771 (Tex. App.--Houston [1st Dist.] 2000, no pet.). 

 Any pending motions are denied as moot.

PER CURIAM


Panel consists of Chief Justice Radack, and Justices Keyes and Higley.

Do not publish. Tex. R. App. P. 47.2(b).
1. Counsel has a duty to inform appellant of the result of his appeal and also to
inform him that he may, on his own, pursue discretionary review in the Texas
Court of Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997).