Opinion issued July 6, 2007 










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-01148-CR

____________


VICTOR DIAZ CORTEZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 232nd District Court 

Harris County, Texas

Trial Court Cause No. 1070296






MEMORANDUM OPINION

 Appellant, Victor Diaz Cortez, pleaded guilty to the offense of indecency with
a child, and, after a pre-sentence investigation hearing, the trial court assessed
punishment at confinement for 10 years. We affirm the judgment of the trial court as
reformed.

 Counsel represents that he has served a copy of the brief on appellant. 
Counsel also advised appellant of her right to examine the appellate record and file
a pro se brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). 
More than 30 days have passed, and appellant has not filed a pro se brief. Having
reviewed the record and counsel's brief, we agree that the appeal is frivolous and
without merit and that there is no reversible error. See Bledsoe v. State, 178 S.W.3d
824, 826-27(Tex. Crim. App. 2005). 

 We note that the trial court's judgment incorrectly states that there was a plea
bargain agreement in this case. The reporter's record, the court's docket entry for the
plea, and the written stipulation of evidence, reflect that the plea was made without
an agreement with the State as to punishment and that a presentence investigation
was ordered. This Court has the authority to reform the trial court's judgment to
correct a clerical error. See Tex. R. App. P. 43.2(b); See Bigley v. State, 865 S.W.
2d 26, 27 (Tex. Crim. App. 1993). The authority of an appellate court to reform
incorrect judgments is not dependent upon a request of any party, nor does it turn on
the question of whether or not a party made objection. See Asberry v. State, 813
S.W. 2d 526, 529-30 (Tex. App.--Dallas 1991, pet. ref'd ); Tex. R. App. P. 43.2(b). 
Therefore, we modify the trial court's judgment to read " Terms of plea bargain - no
agreement, presentence investigation."

 We therefore affirm the judgment of the trial court as reformed.

 We grant counsel's motion to withdraw. (1) See Stephens v. State, 35 S.W.3d
770, 771 (Tex. App.--Houston [1st Dist.] 2000, no pet.). 

 We deny any pending motions as moot.

PER CURIAM


Panel consists of Justices Nuchia, Hanks, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).
1. Counsel has a duty to inform appellant of the result of his appeal and also to inform
him that he may, on his own, pursue discretionary review in the Texas Court of
Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).