Opinion issued January 8, 2009






 




 







In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00940-CR

 





RICHARD WAYNE DAVISON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 420235






MEMORANDUM OPINION

 Appellant, Richard Wayne Davison, appeals from the denial of his Motion for
Forensic DNA Testing of Evidence. Appellant's appointed counsel on appeal has
submitted a brief stating his professional opinion that the appeal is without merit and
that there are no arguable grounds for reversal on appeal. See Anders v. California,
386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Appellant filed a pro se response. 
In his response, appellant contends that the trial court never had jurisdiction over his
underlying offense, that no formal charges were ever filed for the underlying offense,
and "that the public interest was directly and adversely affected by the actions of the
prosecutor." We affirm. Background

 Appellant pleaded not guilty to the felony of aggravated robbery that resulted
in the death of Travis Eugene Churchill. The jury found him guilty and, in 1985, the
jury determined his sentence at 75 years in prison. We affirmed the conviction on
July 31, 1986. See Davison v. State, No. 01-85-00824-CR, 1986 WL 20863 (Tex.
App.--Houston [1st Dist.] July 31, 1986, pet. ref'd). In our opinion, we stated,

 At trial, Shoulders testified that on the evening of September 27, 1984,
appellant called him and later picked him up at about 8:00 a.m. in
appellant's BMW. Together they went to the home of appellant's sister,
and appellant went inside to borrow his sister's van. He returned with
the keys and removed a blue duffle bag from the trunk of the BMW. 
Together they got into the van and went to pick up Warren Thomas and
a fourth man known only as "Ron." Appellant then drove them to Kirby
Drive to "get something." The four observed a clothing store for a time,
waiting for the staff to close and exit in order to rob them. The people
never came out[.] . . . Appellant then told Thomas that there were two
men in a lot on Kirby. Appellant opened the duffle bag and withdrew
a gun which he handed to Thomas. The two got out of the van and
departed. Shoulders remained in the van with Ron. He heard three
shorts fired. Thomas and appellant then returned to the van, appellant
to the driver's seat.


Id. at *1. The opinion also stated, 

 Cooper testified that he had obtained the gun from O'Bannon. He stated
that appellant took the gun from a blue duffel bag and gave it to
O'Bannon in Cooper's presence. Cooper further testified that on
September 28, appellant told him that he and Thomas had tried to rob
two men in a car lot on Kirby. Appellant said that Thomas had
approached one for a light, that Thomas was going to leave, so appellant
had to make Thomas use the revolver. When one of the victims was not
going to give up his jewelry, Thomas shot him.


Id. 

 The opinion further stated that the mother of appellant's girlfriend testified that
"appellant said that he did not know that Thomas was going to shoot him and the gun
was appellant's." Id. at *2.

 Appellant's attorney filed a Motion for Forensic DNA Testing of Evidence on
January 10, 2005. In the motion, appellant requested that all physical evidence
containing biological material be tested, in particular the pistol, duffle bag, fired
bullet, and clothing of the complainant. Appellant also filed a pro se Motion for
Forensic DNA Testing of Evidence. 

 The State responded to the motion for DNA testing by requesting that the court
deny the motion. The State asserted that (1) the Harris County District Clerk's Office
has no evidence from the instant case and (2) the Houston Police Department Crime
Lab and Latent Lab do not have evidence relating to the instant offense. The State
contended that the Houston Police Department Property Room has one item of
evidence relating to the instant offense, described as "a clear plastic bag L84-10512
containing a stained piece of gauze and a plastic cup containing unknown substance
labeled 'blood sample.'" The State asserted that although there is a blood sample
relating to the instant offense, "there is no other biological evidence from the case;
accordingly, there can be no comparison of DNA profiles between items of
evidence." The State concluded, "Based on the absence of evidence in the instant
cause, the applicant cannot establish, by a preponderance of the evidence, that he
would not have been convicted if exculpatory results were obtained through DNA
testing."

 On April 20, 2007, the trial court denied appellant's motion for DNA testing
and adopted the State's proposed findings of fact and conclusions of law. The court
found that the only item of evidence that remained available for examination was the
cup with the unknown substance labeled blood sample, but that appellant did not
establish by a preponderance of the evidence that he would not have been convicted
if exculpatory results were obtained through DNA testing. 


Anders Procedure

 The brief submitted by appellant's court-appointed counsel states that there are
no arguable grounds for reversal on appeal and, therefore, that any appeal would lack
merit. See Anders, 386 U.S. at 744, 87 S. Ct. at 1400. Counsel's brief meets the
minimum Anders requirements by presenting a professional evaluation of the record
and stating why there are no arguable grounds for reversal on appeal. See Gainous
v. State, 436 S.W.2d 137, 137-38 (Tex. Crim. App. 1969). Appellant's counsel sent
a copy of the brief to appellant, requested permission to withdraw from the case, and
notified appellant of his right to review the record and file a pro se response.

 When this Court receives an Anders brief from an appellant's court-appointed
attorney asserting that no arguable grounds for appeal exist, we must determine that
issue independently by conducting our own review of the entire record. Anders, 386
U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court--and not
counsel--determines, after full examination of proceedings, whether case is "wholly
frivolous"); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (citing
same passage from Anders). In conducting our review, we consider any pro se
response that the appellant files to his appointed counsel's Anders brief. See Bledsoe
v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). 

 Our role in this Anders appeal, which includes a pro se response by appellant,
is limited to determining whether arguable grounds for appeal exist. Id. at 827. If we
determine that arguable grounds for appeal exist, we must abate the appeal and
remand the case to the trial court to allow the court-appointed attorney to withdraw. 
See id. The trial court must then either appoint another attorney to present all
arguable grounds for appeal or, if appellant wishes, allow appellant to proceed pro se. 
See id. We do not rule on the ultimate merits of the issues raised by appellant in his
pro se response. Id. If we determine that there are arguable grounds for appeal,
appellant is entitled to have new counsel address the merits of the issues raised. Id. 
"Only after the issues have been briefed by new counsel may [we] address the merits
of the issues raised." Id. 

 If, on the other hand, we determine from our independent review of the entire
record that the appeal is wholly frivolous, we may affirm the trial court's judgment
by issuing an opinion in which we explain that we have reviewed the record and have
found no reversible error. See id. at 826-28. The holding that there are no arguable
grounds for appeal is subject to challenge by an appellant by a petition for
discretionary review filed in the Court of Criminal Appeals. Id. at 827. 

 In accordance with Anders, 386 U.S. at 744-45, 87 S. Ct. at 1400, and Bledsoe,
178 S.W.3d at 826-28, we have reviewed the record, appellant's appointed counsel's
Anders brief, and appellant's pro se response to that brief, and we conclude that no
reversible error exists. 

 Conclusion

 We affirm the judgment of the trial court and grant appellant's appointed
counsel's motion to withdraw. (1)




 Elsa Alcala

 Justice

Panel consists of Justices Keyes, Alcala, and Bland.

Do not publish. See Tex. R. App. P. 47.2(b).

 
1. Appointed counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Court of Criminal
Appeals. Tex. R. App. P. 48.4; see also Bledsoe v. State, 178 S.W.3d 824, 827 (Tex.
Crim. App. 2005); Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997);
Stephens v. State, 35 S.W.3d 770, 771-72 (Tex. App.--Houston [1st Dist.] 2000, no
pet.).