Opinion issued December 16, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00854-CR

———————————

Aneeka Chauhan, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 400th District Court 

Fort Bend County, Texas



Trial Court Case No. 48926A

 



 

MEMORANDUM OPINION

A jury convicted appellant Aneeka Chauhan of the
offense of accident involving injury or death and assessed punishment at 30
days in county jail, and the court probated her sentence for 18 months.  See Tex. Transp. Code Ann. § 550.021 (Vernon
Supp. 2010).  On appeal, Chauhan’s appointed
counsel filed an Anders brief on the
grounds that the appeal of the conviction and sentence in this case is without
merit and wholly frivolous.  Chauhan did not
file a pro se response.  We affirm.

Upon receipt of an Anders brief
from a defendant’s court-appointed attorney asserting that an appeal would be
wholly frivolous, the court must conduct and independent review of the record
to determine whether arguable grounds for reversal exist.  See Anders v. California, 386 U.S.
738, 744, 87 S. Ct. 1396, 1400 (1967) (emphasizing that reviewing court, rather
than appointed counsel, determines whether case is “wholly frivolous” after full
examination of proceedings); Stafford v. State, 813 S.W.2d 503, 509–10
(Tex. Crim. App. 1991).  In conducting the
review, the court considers any pro se response the appellant files to the
appointed counsel’s Anders brief. 
See Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005).

The court’s role in an Anders case is limited to determining
whether arguable grounds for appeal exist. 
See id. at 826–27.  As
such, the court does not rule on the ultimate merits of the issues raised by an
appellant in his pro se response.  Id.
at 827.  If the court determines from its
independent review of the record that the appeal is wholly frivolous, it may
affirm the trial court’s judgment by issuing an opinion stating that it has
reviewed the record and has found no arguable grounds for appeal.  See id. at 826–27. If, however, the
court determines that arguable grounds for appeal exist, the court-appointed
attorney must be allowed to withdraw, the appeal must be abated, and the case
must be remanded to the trial court.  See id.
 The trial court must then either appoint
another attorney to present all arguable grounds for appeal or allow the
appellant to proceed pro se in the appellate court.  Id. 
“Only after the issues have been briefed by new counsel may the court of
appeals address the merits of the issues raised.”  Id.

In accordance with Anders, 386 U.S. at 744–45, 87 S. Ct. at 1400, and Bledsoe, 178 S.W.3d at 826–27, this Court has reviewed the entire record, and we have concluded that
no arguable grounds for reversal exist. 
Having reached that conclusion, we affirm the judgment of the trial
court and grant Chauhan’s appointed counsel’s motion to withdraw.  Appointed counsel still has a duty to inform Chauhan
of the result of this appeal and of her right to file a pro se petition for
discretionary review in the Court of Criminal Appeals.  Tex. R. App. P. 48.4; see Ex Parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens
v. State, 35 S.W.3d 770, 771–72 (Tex.
App.—Houston [1st Dist.] 2000, no pet.).

                                                                   

 

 

 

Michael Massengale

                                                                   Justice

                                                                   

                                                                   

 

Panel consists of Chief Justice
Radack and Justices Massengale, and Matthews.*

Do not publish.   Tex. R. App. P. 47.2(b).

 

 

 

 

 

 

 

 











*        The
Honorable Sylvia Matthews, Judge of the 281st District Court of Harris County,
participating by assignment.