Opinion issued January 13, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00566-CR

———————————

Tyrone Vaughn Andrus A/K/A Tyrone Vaughn Anderson, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 252nd District Court 

Jefferson County, Texas*



Trial Court Case No. 09-06072

 



 

MEMORANDUM OPINION

Appellant Tyrone Andrus pleaded
guilty to the offense of assault on a family member.  See
Tex. Penal Code Ann. § 22.01(b)(2)(A) (Vernon Supp 2010); Tex. Fam. Code Ann. §§ 71.003, 71.005 (Vernon
2008).  The trial court deferred
adjudication of guilt pursuant to an agreed punishment recommendation,
assessing three years’ probation and a $500 fine.  The trial court later granted a motion to
revoke probation and assessed Andrus’s punishment at nine years’
imprisonment.  Andrus gave timely notice
of appeal, and counsel was appointed to represent him.  His appointed counsel filed an Anders brief on the grounds that the
appeal of the conviction and sentence in this cause is without merit and wholly
frivolous.  Andrus did not file a pro se
response.  We affirm.

Upon receipt of an Anders brief from a defendant’s
court-appointed attorney asserting that an appeal would be wholly frivolous,
the court must conduct an independent review of the record to determine whether
arguable grounds for appeal exist.  See
Anders v. California, 386
U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967) (emphasizing that reviewing court,
rather than appointed counsel, determines whether case is “wholly frivolous” after
full examination of proceedings); Stafford v. State, 813 S.W.2d 503, 509–10 (Tex. Crim.
App. 1991).  In conducting the review,
the court considers any pro se response the appellant files to the appointed
counsel’s Anders brief.  See Bledsoe
v. State, 178 S.W.3d 824,
826 (Tex. Crim. App. 2005).

The court’s role in an Anders
case is limited to determining whether arguable grounds for appeal exist.  See id. at 826–27.  If the court determines from its independent
review of the record that the appeal is wholly frivolous, it may affirm the
trial court’s judgment by issuing an opinion stating that it has reviewed the
record and has found no arguable grounds for appeal.  See id. 
If, however, the court determines that arguable grounds for appeal
exist, the court-appointed attorney must be allowed to withdraw, the appeal
must be abated, and the case must be remanded to the trial court.  See id. at 827.  The trial court
must then either appoint another attorney to present all arguable grounds for
appeal or allow the appellant to proceed pro se in the appellate court.  Id. 
“Only after the issues have been briefed by new counsel may the court of
appeals address the merits of the issues raised.”  Id.

In accordance with Anders, 386 U.S. at 744–45, 87 S. Ct. at 1400, and Bledsoe, 178 S.W.3d at 826–27, this Court has reviewed the entire record, and we conclude that no
arguable grounds for reversal exist. 
Having reached that conclusion, we affirm the judgment of the trial
court and grant Andrus’s appointed counsel’s motion to withdraw.  Appointed counsel still has a duty to inform
Andrus of the result of this appeal and of his right to file a pro se petition
for discretionary review in the Court of Criminal Appeals.  Tex. R. App. P. 48.4; see Ex Parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens
v. State, 35 S.W.3d 770, 771–72 (Tex.
App.—Houston [1st Dist.] 2000, no pet.).

PER CURIAM

Panel
consists of Justices Keyes, Sharp, and Massengale.

Do
not publish.   Tex. R. App. P. 47.2(b).











*
          The
Texas Supreme Court transferred this appeal from the Court of Appeals for the
Ninth District of Texas.  Misc. Docket
No. 10-9105 (Tex. July 16, 2010); see Tex.
Gov’t Code Ann. § 73.001 (Vernon 2005) (authorizing transfer of
cases).  We are unaware of any conflict
between precedent of the Court of Appeals for the Ninth District and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.