Opinion issued June 30, 2011


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00137-CR

———————————

JAMARCUS JERMAINE BUTLER, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 177th District Court

Harris County, Texas



Trial Court Case No. 1163407

 



 

MEMORANDUM OPINION

Appellant Jamarcus Jermaine Butler
pleaded guilty to the offense of aggravated robbery.  See
Tex. Penal Code Ann. § 29.03(a)(2), (a)(3) (West 2011).  The
trial court deferred a finding of guilt and reset the case for the preparation
of a presentence investigation report and sentencing.  After the sentencing hearing, the trial court
found Butler guilty and assessed his punishment at five years in prison.  Butler gave timely notice of appeal, and
counsel was appointed to represent him. 
His appointed counsel filed an Anders
brief on the grounds that the appeal of the conviction and sentence in this
cause is without merit and wholly frivolous. 
Butler filed a pro se response.  We
affirm.

Upon receipt of an Anders brief from a defendant’s
court-appointed attorney asserting that an appeal would be wholly frivolous,
the court must conduct an independent review of the record to determine whether
arguable grounds for appeal exist.  See
Anders v. California, 386
U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967) (emphasizing that reviewing court,
rather than appointed counsel, determines whether case is “wholly frivolous” after
full examination of proceedings); Stafford v. State, 813 S.W.2d 503, 509–10 (Tex. Crim.
App. 1991).  In conducting the review,
the court considers any pro se response the appellant files to the appointed
counsel’s Anders brief.  See Bledsoe
v. State, 178 S.W.3d 824,
826 (Tex. Crim. App. 2005).

The court’s role in an Anders
case is limited to determining whether arguable grounds for appeal exist.  See id. at 826–27.  The
court does not rule on the ultimate merits of the issues raised by an appellant
in his pro se response.  Id. at
827.  If the court determines from its
independent review of the record that the appeal is wholly frivolous, it may
affirm the trial court’s judgment by issuing an opinion stating that it has
reviewed the record and has found no arguable grounds for appeal.  See id. at 826–27.  If, however, the court determines that
arguable grounds for appeal exist, the court-appointed attorney must be allowed
to withdraw, the appeal must be abated, and the case must be remanded to the
trial court.  See id.  The trial court must then either appoint
another attorney to present all arguable grounds for appeal or allow the
appellant to proceed pro se in the appellate court.  Id. 
“Only after the issues have been briefed by new counsel may the court of
appeals address the merits of the issues raised.”  Id.

In his
pro se response, Butler contends that he “was promised he would receive a
probationary sentence,” and that he entered his plea of guilty with that
understanding.  He also contends he has
requested the plea transcripts to demonstrate that such an agreement was
made.  We have determined that there is
no reporter’s record reflecting proceedings on the plea.  Moreover, the record of the sentencing
hearing suggests that Butler was aware that he might not receive
probation.  In a prehearing letter to the
trial court judge, Butler asked to be placed on probation.  On direct examination by his counsel, he
confirmed he was asking for deferred adjudication.  He confirmed he was aware he could be
sentenced to imprisonment for 5 to 99 years or life.  The trial court gave Butler the opportunity
to say anything else he wished, yet the transcript reflects nothing supportive
of the idea that Butler believed he had been promised probation.

In accordance with Anders, 386 U.S. at 744–45, 87 S. Ct. at 1400, and Bledsoe, 178 S.W.3d at 826–27, this Court has reviewed the entire record, and we conclude that no
arguable grounds for reversal exist. 
Having reached that conclusion, we affirm the judgment of the trial
court and grant Butler’s appointed counsel’s motion to withdraw.  Appointed counsel still has a duty to inform Butler
of the result of this appeal and of his right to file a pro se petition for
discretionary review in the Court of Criminal Appeals.  Tex. R. App. P. 48.4; see Ex Parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens
v. State, 35 S.W.3d 770, 771–72 (Tex.
App.—Houston [1st Dist.] 2000, no pet.).

PER CURIAM

 

Panel
consists of Justices Jennings, Bland, and Massengale.

Do
not publish.   Tex. R. App. P. 47.2(b).