**Opinion issued August 30, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-10-00048-CR

———————————

**JAMALL JEROME MCMURRIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Case No. 09CR1888**

---

## MEMORANDUM OPINION

After the district court's pretrial order overruled his written motion to suppress, appellant Jamall Jerome McMurrin pleaded guilty to possession of less than one gram of methylenedioxy methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.103(a)(1), .116 (West 2010); TEX. R. APP. P. 25.2(a)(2). The

brief submitted by appellant's court-appointed appellate counsel states his professional opinion that there are no arguable grounds for reversal on appeal and that any appeal would, therefore, be wholly frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Appellant did not file a pro se response, and the State did not file a brief.

When this Court receives an *Anders* brief from a defendant's court-appointed attorney who asserts that an appeal would be wholly frivolous, we must determine that issue independently by conducting our own review of the entire record. *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). In conducting our review, we consider any pro se response that the defendant files to his appointed counsel's *Anders* brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Our role is limited to determining whether arguable grounds for appeal exist. *Id.* at 827. If we determine that arguable grounds for appeal exist, we must abate the appeal and remand the case to the trial court to allow the court-appointed attorney to withdraw. *Id.* The trial court must then either appoint another attorney to present all arguable grounds for appeal or, if the defendant wishes, allow the defendant to proceed pro se. *Id.* We do not rule on the ultimate merits of issues

2

raised by a defendant in his pro se response. *Id.* If we determine that there are arguable grounds for appeal, the defendant is entitled to have new counsel address the merits of the issues raised. *Id.* "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id.*

If, on the other hand, we determine, from our independent review of the entire record, that the appeal is wholly frivolous, we may affirm the trial court's judgment by issuing an opinion in which we explain that we have reviewed the record, determined that the appeal is wholly frivolous, and concluded there is no reversible error. *See id.* at 826. The holding that there are no arguable grounds for appeal is subject to challenge by a defendant by a petition for discretionary review filed in the Court of Criminal Appeals. *Id.* at 827 & n.6.

In accordance with *Anders*, 386 U.S. at 744–45, 87 S. Ct. at 1400, and *Bledsoe*, 178 S.W.3d at 826–27, we have reviewed the record and appellant's appointed counsel's *Anders* brief. Appellate counsel did not discuss in any way that the district clerk had informed this Court that the videotape admitted during the motion-to-suppress hearing was not on file. We subsequently ordered the trial court to make findings on whether the videotape had been lost or destroyed. The trial court found the videotape, which has now been filed in this Court as a part of the appellate record, and the trial court found that appellant's attorney had viewed the videotape before filing his appellate brief.

3

Based on the supplemented appellate record, we determine that the appeal is wholly frivolous and conclude that no reversible error exists. We grant appellant's appointed counsel's motion to withdraw. Appointed counsel still has a duty to (1) send appellant a copy of the opinion and judgment, (2) notify appellant of any upcoming appellate deadlines not previously disclosed (e.g., to file a pro se motion for rehearing or petition for discretionary review), (3) inform appellant that he may, on his own, file a pro se petition for discretionary review in the Court of Criminal Appeals under Texas Rule of Appellate Procedure 68, and (4) file with the Clerk of this Court within five days from the date of this opinion the documents required by Texas Rules of Appellate Procedure 6.5(c) and 48.4. *See Bledsoe*, 178 S.W.3d at 827 & n.6; *Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997); *Stephens v. State*, 35 S.W.3d 770, 771–72 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

Jim Sharp
Justice

Panel consists of Justices Jennings, Sharp, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).