Opinion issued September 6, 2007













In The

Court of Appeals

For The

First District of Texas






NO. 01-06-01080-CR






ROBERT E. ALEXANDER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 1070549






MEMORANDUM OPINION

 Appellant was charged by indictment with burglary of a habitation with intent
to commit theft. The trial court accepted appellant's plea of guilty, which was made
without an agreed recommendation as to punishment. After a hearing on the return
of a presentence investigation report, the trial court assessed punishment at
imprisonment for five years. Appellant's appointed counsel on appeal has filed an
Anders brief. (1) 

BACKGROUND


 Appellant was arrested and charged with burglary of a habitation with intent
to commit theft. He signed a "Waiver of Constitutional Rights, Agreement to
Stipulate, and Judicial Confession" and pleaded guilty without an agreed
recommendation by the State. The trial court questioned appellant regarding the
voluntariness of the guilty plea and admonished him regarding his rights. Appellant
initialed sections of a form entitled "Admonishments" and signed the form. The trial
court accepted appellant's plea and gave further admonishments on the record. At a
later date, the trial court conducted a punishment hearing and considered a
presentence investigation report. After hearing the testimony of appellant and
arguments of counsel, the trial court found appellant guilty and assessed punishment
at confinement for five years. The trial court certified that appellant had the right of
appeal. 

DISCUSSION


 Appellant's appointed counsel on appeal has filed an Anders brief, stating that
he has found no arguable points of error to raise on appeal and moving to withdraw
as counsel. (2) See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967). The brief
meets the requirements of Anders by presenting a professional evaluation of the
record and detailing why there are no arguable grounds for reversal. Id. 386 U.S. at
744, 87 S. Ct. at 1400; see also High v. State, 573 S.W.2d 807, 810 (Tex. Crim. App.
1978). Appellant has filed a pro se response to the Anders brief. 

 A court of appeals has two options when an Anders brief and a subsequent pro
se response are filed. Upon reviewing the entire record, it may determine (1) that the
appeal is wholly frivolous and issue an opinion explaining that it finds no reversible
error or (2) that there are arguable grounds for appeal and remand the case to the trial
court for appointment of new appellate counsel. Bledsoe v. State, 178 S.W.3d 824,
826-27 (Tex. Crim. App. 2005). 

 We have carefully reviewed the entire appellate record. We conclude that there
is no reversible error and that the appeal is wholly frivolous. See id. 

 We affirm the judgment and grant counsel's motion to withdraw. (3)



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Bland.


Do not publish. Tex. R. App. P. 47.2(b). 
1. Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967). 
2. Counsel's Anders brief contains incorrect information regarding appellant's
indictment. In setting out the indictment, counsel states facts regarding, and quotes from,
what appears to be the indictment of a different defendant, who was accused of capital
murder. However, in the preceding paragraph of the preliminary statement in the brief,
counsel correctly states the offense in this case, and counsel's later discussion of appellant's
indictment and of other portions of the record accurately reflect the record before us. 
Therefore, we consider the insertion of the incorrect information to be immaterial. 
3. Appointed counsel still has a duty to inform appellant of the result of this appeal,
send appellant a copy of this opinion and judgment, and notify appellant that he may, on his
own, pursue discretionary review in the Court of Criminal Appeals. Tex. R. App. P. 48.4; 
see also Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); Ex parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens v. State, 35 S.W.3d 770, 771-72 (Tex.
App.--Houston [1st Dist.] 2000, no pet.).