Opinion Issued February 19, 2009









Opinion Issued February
19, 2009

 

 

 

 

 

 

 

 

 

 

 

 

 










 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.   01-08-00301-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



DENISE SWASING SPILLER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 1131886 








 



MEMORANDUM OPINION

           Appellant, Denise Swasing
Spiller, was convicted of the offense of aggravated perjury.  Tex. Penal Code Ann. § 37.03
(Vernon 2003).  A jury assessed punishment at ten years’ community supervision. 
Spiller’s court-appointed appellate counsel filed a motion to withdraw along
with a brief stating his professional opinion that the appeal is without merit
and that there are no arguable grounds for reversal.  See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).  Spiller failed to file a pro
se response.  We have reviewed the record in its entirety and, having found no
reversible error, we grant counsel’s motion to withdraw and affirm Spiller’s
conviction.

Background

Spiller’s husband, Eric
Spiller, a former Harris County Constable, was tried and convicted of sexual
assault of a child.  Employees of the Harris County District Attorney’s office
interviewed Spiller on September 7, 2006.  This interview occurred two weeks
prior to her husband’s trial, in which she was subpoenaed to testify.  The
meeting was voluntary, and Spiller was not a suspect in her husband’s crime.
The interview was recorded on video without Spiller’s knowledge, which is
common practice within the District Attorney’s office.  The interviewer asked
questions about Spiller’s husband and his conduct with the complainant. 
Spiller asserted in this interview that she was not aware of her husband’s
activities.  In response to the interviewer’s question, she denied that she had
visited a particular motel with her husband in April 2005.  The State entered
into evidence and published the video recording of the interview to the jury. 

Two weeks after her
interview at the District Attorney’s office, Spiller testified in her husband’s
first trial for the offense of sexual assault of a child.  Contrary to her
statements in the investigative interview, Spiller testified that she did
accompany her husband to the motel.  The first trial ended in a hung jury. 
Spiller’s contradictory testimony lead to her indictment for the offense of
aggravated perjury in August 2007.  Her husband was convicted in a second trial
in January 2008.  Spiller did not testify in the second trial. 

Discussion

The brief submitted by
Spiller’s court-appointed appellate counsel states his professional opinion
that no arguable grounds for reversal exist, and any appeal would, therefore,
lack merit.  Anders, 386 U.S. 738, 744, 87 S. Ct. 1396.  Counsel’s brief
meets the minimum Anders requirements by presenting a professional
evaluation of the record and stating why there are no arguable grounds for
reversal on appeal.  See Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  Counsel sent a copy of the brief to Spiller, requested permission
to withdraw from the case, and notified Spiller of her right to review the
record and file a pro se response.  Spiller did not file a response. 

          When we receive an Anders
brief from a defendant’s court-appointed attorney who asserts that no arguable
grounds for appeal exist, we must determine that issue independently by
conducting our own review of the entire record.  See Anders, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that the reviewing court—and not counsel—determines,
after full examination of proceedings, whether a case is “wholly frivolous”); Stafford
v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991).  Any pro se response
would also be considered; however, Spiller has failed to file any such
response.  See Bledsoe v. State, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

          Thus, our role in this Anders
appeal, which consists of reviewing the entire record, is limited to
determining whether arguable grounds for appeal exist.  See id. at 827. 
If we determine that arguable grounds for appeal exist, we abate the appeal and
remand the case to the trial court to allow the court-appointed attorney to
withdraw.  See id.  Then, the trial court appoints another attorney to
present all arguable grounds for appeal.  See id.  If we determine that
arguable grounds for appeal do exist, Spiller is entitled to have new counsel
address the merits of the issues raised.  See id.  “Only after the
issues have been briefed by new counsel may [we] address the merits of the
issues raised.”  Id. 

          On the other hand, if our
independent review of the record leads us to conclude that the appeal is wholly
frivolous, we may affirm the trial court’s judgment by issuing an opinion in
which we explain that we have reviewed the record and find no reversible
error.  Bledsoe, 178 S.W.3d at 826–28. Spiller may challenge the holding
that there are no arguable grounds for appeal by petitioning for discretionary
review in the Court of Criminal Appeals.  Id. at 827 & n.6.

          Following Anders and
Bledsoe, we have reviewed the record and counsel’s Anders brief. 
We conclude that no reversible error exists. Consequently, we affirm the
judgment of the trial court and grant counsel’s motion to withdraw.[1]

Conclusion

We affirm the judgment of
the trial court and grant appointed counsel’s motion to withdraw.

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Judges Taft, Bland,
and Sharp.

Do not publish.  Tex. R. App. P. 47.2(b).

 









[1] Appointed counsel still has a duty to inform
appellant of the result of this appeal, send appellant a copy of this opinion
and judgment, and notify appellant that she may, on her own, pursue
discretionary review in the Court of Criminal Appeals.  Tex. R. App. P. 48.4; see also Bledsoe v. State, 178
S.W.3d 824, 827 (Tex. Crim. App. 2005); Ex parte Wilson, 956 S.W.2d 25,
27 (Tex. Crim. App. 1997); Stephens v. State, 35 S.W.3d 770, 771–72
(Tex. App.—Houston [1st Dist.] 2000, no pet.).