Opinion Issued September 17, 2009













In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00142-CR

NO. 01-08-00143-CR

____________


ANTHONY ERVIN KELLEY, Appellants


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court 

Harris County, Texas

Trial Court Cause Nos. 1128200 and 1133167








MEMORANDUM OPINION

 Appellant, Anthony Ervin Kelley, appeals from judgments that each sentence
him to 10 years in prison for the offenses of online solicitation of a minor and
possession of child pornography. See Tex. Penal Code Ann. § 33.021 (Vernon 2008),
§ 43.26 (Vernon 2003). Appellant pleaded guilty to the offenses and was sentenced by
the court following the preparation of a pre-sentence investigation (PSI) report. 
Appellant's court-appointed counsel has filed an Anders briefs in which he states that
no valid grounds for appeal exist and that appellant's appeals are frivolous. Anders v.
California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Appellant makes three
assertions in his pro se response. First, he claims that his plea of guilty was involuntary
and he was given a longer punishment due to ineffective assistance of trial counsel. 
Second, appellant argues that the trial judge was biased because the judge's daughter's
first name was similar to the first name of the complainant and purportedly did not read
letters supplied by appellant. Third, appellant states that errors were made in the
content and in the production of the PSI report, which also unfairly lengthened his
sentence. We conclude no reversible error exists and affirm. 

Background

 In the first half of 2007, appellant moderated an online chat room entitled
"family sex." There appellant began a series of sexually explicit chats with cyber-crimes investigator Detective Ackley, who represented himself to be a 13-year-old girl. 
In August 2007, a search was conducted of appellant's home and his computer was
found to contain images of child pornography.

 Appellant pleaded guilty to the felony offenses of online solicitation of a minor
and possession of child pornography without an agreed recommendation as to
punishment. Appellant and his attorney signed written admonishments that appellant
was knowingly and voluntarily agreeing to plead guilty. The trial court ordered the
preparation of a PSI report. 

 In his pleas of guilty, appellant waived his right to appeal. Additionally, in each
case, appellant signed admonishments stating, "I understand the offense I am charged
with . . . and I am entering this plea freely and voluntarily, in the exercise of my own
good judgment." In written admonishments by the court, appellant signed his initials
to the following statements:

I have freely, knowingly, and voluntarily executed this statement in open
court . . . with the consent of and approval of my counsel. . . . I waive my
right against self-incrimination. . . . I am fully satisfied with the services
rendered me by my attorney, and believe he has represented me ably,
conscientiously, and to the best of his ability . . . .

The trial court found appellant's plea was freely and voluntarily made. After accepting
appellant's pleas of guilty, the trial court recessed the case for a sentencing hearing to
be conducted two months later. 

 At the sentencing hearing, the State called one witness, Detective Russell
Ackley, who testified that appellant solicited him online while Ackley posed as a 13
year old girl. Ackley described the sexual conversations between himself and
appellant, as well as the method Ackley used to discover appellant's identity. Ackley
testified that appellant's seized computer contained pornographic images of children.
Ackley also testified that the computer recorded the contents of the downloaded
images. Appellant testified that he did chat inappropriately with Ackley and
apologized for his behavior. The trial court considered the contents of the PSI report,
found appellant guilty, and sentenced him to 10 years for each offense to run
concurrently.

 Appellant's court-appointed attorney filed a motion to withdraw as counsel and
two briefs in support of that motion. In the briefs, counsel asserts that this appeal is
frivolous. Counsel's briefs meet the requirements of Anders by presenting a
professional evaluation of the record demonstrating why there are no reversible
grounds on appeal and referencing any grounds that might arguably support the appeal. 
Appellant has filed two pro se responses to assert that his appeal is not frivolous.

Anders Procedure

 The brief submitted by appellant's court-appointed counsel states his
professional opinion that there are no arguable grounds for reversal on appeal and that
any appeal would, therefore, lack merit. See Anders, 386 U.S. at 744, 87 S. Ct. at
1400. Counsel's brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable grounds
for reversal on appeal. See Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App.
1969). The State has waived its opportunity to file an appellee's brief to reply to the
arguments presented in appellant's pro se response. 

 When we receive an Anders brief from a defendant's court-appointed attorney
who asserts that no arguable grounds for appeal exist, we must determine that issue
independently by conducting our own review of the entire record. Anders, 386 U.S.
at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court--and not
counsel--determines, after full examination of proceedings, whether case is "wholly
frivolous"); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). In
conducting our review, we consider any pro se response that the defendant files to his
appointed counsel's Anders brief. See Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex.
Crim. App. 2005). 

 Our role in this Anders appeal, which includes a pro se response by appellant,
is limited to determining whether arguable grounds for appeal exist. Bledsoe, 178
S.W.3d at 827. If we determine that arguable grounds for appeal exist, we must abate
the appeal and remand the case to the trial court to allow the court-appointed attorney
to withdraw. Id. The trial court must then either appoint another attorney to present
all arguable grounds for appeal or, if the defendant wishes, allow the defendant to
proceed pro se. Id. We do not rule on the ultimate merits of the issues raised by
appellant in his pro se response. Id. If we determine that there are arguable grounds
for appeal, appellant is entitled to have new counsel address the merits of the issues
raised. Id. "Only after the issues have been briefed by new counsel may [we] address
the merits of the issues raised." Id. 

 If, on the other hand, we determine, from our independent review of the entire
record, that the appeal is wholly frivolous, we may affirm the trial court's judgment
by issuing an opinion in which we explain that we have reviewed the record and have
found no reversible error. Bledsoe, 178 S.W.3d at 826-27. The holding that there are
no arguable grounds for appeal is subject to challenge by an appellant by a petition for
discretionary review filed in the Court of Criminal Appeals. Id. at 827 & n.6. 

 In accordance with Anders and Bledsoe, we have reviewed the record,
appellant's appointed counsel's Anders brief, and appellant's pro se response to that
brief and conclude that no reversible error exists.

 



Conclusion

 We affirm the judgment of the trial court and grant appointed counsel's motion
to withdraw. (1) 

 

 

 Elsa Alcala

 Justice


Panel consists of Justices Keyes, Alcala, and Hanks.


Do not publish. Tex. R. App. P. 47.2(b).







1. Appointed counsel still has a duty to inform appellant of the result of this appeal and that he
may, on his own, pursue discretionary review in the Court of Criminal Appeals. See Bledsoe
v. State, 178 S.W.3d 824, 827 & n.6 (Tex. Crim. App. 2005); Ex Parte Wilson, 956 S.W.2d
25, 27 (Tex. Crim. App. 1997); Stephens v. State, 35 S.W.3d 770, 771-72 (Tex.
App.--Houston [1st Dist.] 2000, no pet.).