Opinion Issued November 19, 2009















In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00505-CR

____________


SAMUEL DAVID LYNCH, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 177th District Court 

Harris County, Texas

Trial Court Cause Nos. 1121099








MEMORANDUM OPINION

 Appellant, Samuel David Lynch, appeals from a judgment that sentences him to 
30 years in prison for the felony offense of aggravated robbery with a deadly weapon. 
See Tex. Penal Code Ann. § 29.03 (Vernon 2003). Appellant pleaded guilty to the
offense and was sentenced by a jury that found true both enhancement paragraphs. 
Appellant's court-appointed counsel filed an Anders brief in which he states appellant
has no valid grounds for appeal and appellant's appeal is frivolous. See Anders v.
California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Appellant's pro se
response asserts his plea of guilty was involuntary due to ineffective assistance of trial
counsel. We affirm.

Background

 Martin White, a delivery driver for Hotshot Courier Services, testified that on
June 11, he was in his truck when appellant ordered him at gun point to get out. White
complied and appellant drove off. 

 The next day, at about 1:00 in the afternoon, Melinda Fitzpatrick and co-worker
Sammy Bryant were in a church parking lot loading boxes into Bryant's car when
appellant approached them with a gun. He ordered both women to place their purses
in his truck. They complied, ran back to the church, and called the police. Fitzpatrick
later identified appellant as the robber from a group of photographs presented by
deputies.

 Appellant was arrested in a stolen vehicle belonging to White on June 13. The
next day, appellant gave a detailed taped confession admitting to the robbery and other
robberies. During this period, appellant was on suicide watch. Detective Ken Nealy,
who administered the confession, testified that appellant threatened suicide during the
confession. Appellant's suicide plan was to strangle Detective Nealy to incite the
police to shoot him. Detective Nealy testified that appellant's behavior was consistent
with people who abuse crack cocaine. 

 The court appointed Mary Moore as appellant's attorney. Almost three months
after Moore was appointed, Moore requested the Harris County Psychiatric Services
to conduct a psychiatric examination of appellant to determine his competency and
sanity. 

 Pursuant to the trial court's order to evaluate appellant for competency and
sanity, Ramon Laval, Ph.D., evaluated appellant. The "Clinical Observations and
Findings" section of Dr. Laval's reports stated appellant indicated that he had never
received inpatient or outpatient psychiatric treatment and that he was not currently
under any psychiatric care. Appellant did report a history of crack cocaine addiction. 
He stated that he smoked crack cocaine regularly, acknowledging the drug was a
motivating force behind his crimes. He blamed the drug for severe depression that
caused him to stop working. He stated that the drug problems had worsened to the
point that he wanted to "put [him]self in a situation that would cause the police to kill
[him] and [he then] started [the] robberies." 

 On October 17, 2007, Dr. Laval contemporaneously released both the
competency and sanity diagnoses. The competency diagnosis stated appellant had no
psychiatric condition. The sanity diagnosis stated the same, and added that appellant
did not meet the criteria for an insanity defense. Specifically, the sanity evaluation
stated that, aside from the possible effects of crack cocaine, appellant was not suffering
from symptoms of a mental disease or a mental defect of the type or degree that would
have rendered him unable to know the difference between right and wrong at the time
of the alleged offense. Finally, the report stated that appellant would have been able
to know that the alleged criminal activity with which he was currently charged was
wrong.

 Prior to trial, appellant's trial attorney held an identification hearing to determine
if there were any inconsistencies in process the photo lineup. The State called several
witnesses, including Fitzpatrick, Bryant, and the deputies who conducted the photo
lineup. The testimony demonstrated there were no inconsistencies in the photo
identification procedure through which appellant was identified as the robber. 

 After voir dire, appellant changed his plea from not-guilty to guilty. The court
gave appellant admonishments related to his plea, noted that appellant's plea was not
a plea-bargain, and read the indictment, to which the defendant pleaded guilty. 

 At the sentencing hearing, the State called Fitzpatrick, Bryant, and White. The
State also called the officers who investigated the crime, administered the photo lineup,
and conducted the confession interview. Appellant, appellant's brother, appellant's
pastor, and a police officer testified for the defense.

 Appellant's counsel on appeal filed an Anders brief. In the brief, counsel asserts
this appeal is frivolous. Counsel's brief meets the requirements of Anders by
presenting a professional evaluation of the record demonstrating why there are no
reversible grounds on appeal and referencing any grounds that might arguably support
the appeal. 

 Appellant has filed a pro se response to assert that his appeal is not frivolous. 
In his pro se response, appellant discusses his relationship with his trial attorney. 
Appellant states that he repeatedly tried to have his trial attorney plead him not guilty
by reason of insanity, that his attorney was adverse to the idea, and that an adversarial
relationship resulted. As an example of this adversarial relationship, appellant notes
that his attorney "did not [] request a psychiatric evaluation of [his] competence and
sanity at the time of the offense [and did not do so] until three months after [the
offense], and that [the request] was only upon the appellant's insistence." Appellant
contends that, on the day of trial, he intended to plead not guilty, but he later pleaded
guilty because his attorney told him he had no defense and he would be better to
"throw[] himself on the mercy of the court." 

Anders Procedure

 The brief submitted by appellant's court-appointed counsel states his
professional opinion that there are no arguable grounds for reversal on appeal and that
any appeal would, therefore, lack merit. See Anders, 386 U.S. at 744, 87 S. Ct. at 1400. 
Counsel's brief meets the minimum Anders requirements by presenting a professional
evaluation of the record and stating why there are no arguable grounds for reversal on
appeal. See Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). The State
has waived its opportunity to file an appellee's brief to reply to the arguments presented
in appellant's pro se response. 

 When we receive an Anders brief from a defendant's court-appointed attorney
who asserts that no arguable grounds for appeal exist, we must determine that issue
independently by conducting our own review of the entire record. Anders, 386 U.S. at
744, 87 S. Ct. at 1400 (emphasizing that reviewing court--and not
counsel--determines, after full examination of proceedings, whether case is "wholly
frivolous"); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). In
conducting our review, we consider any pro se response that the defendant files to his
appointed counsel's Anders brief. See Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex.
Crim. App. 2005). 

 Our role in this Anders appeal, which includes a pro se response by appellant,
is limited to determining whether arguable grounds for appeal exist. Bledsoe, 178
S.W.3d at 827. If we determine that arguable grounds for appeal exist, we must abate
the appeal and remand the case to the trial court to allow the court-appointed attorney
to withdraw. Id. The trial court must then either appoint another attorney to present
all arguable grounds for appeal or, if the defendant wishes, allow the defendant to
proceed pro se. Id. We do not rule on the ultimate merits of the issues raised by
appellant in his pro se response. Id. If we determine that there are arguable grounds
for appeal, appellant is entitled to have new counsel address the merits of the issues
raised. Id. "Only after the issues have been briefed by new counsel may [we] address
the merits of the issues raised." Id. 

 If, on the other hand, we determine, from our independent review of the entire
record, that the appeal is wholly frivolous, we may affirm the trial court's judgment by
issuing an opinion in which we explain that we have reviewed the record and have
found no reversible error. Bledsoe, 178 S.W.3d at 826-27. The holding that there are
no arguable grounds for appeal is subject to challenge by an appellant by a petition for
discretionary review filed in the Court of Criminal Appeals. Id. at 827 & n.6. 

 In accordance with Anders and Bledsoe, we have reviewed the record, read
appellant's appointed counsel's Anders brief, read appellant's pro se response to that
brief, and conclude that no reversible error exists.

Conclusion

 We affirm the judgment of the trial court and grant appointed counsel's motion
to withdraw. (1) 

 

 

 Elsa Alcala

 Justice


Panel consists of Justices Keyes, Alcala, and Hanks.


Do not publish. Tex. R. App. P. 47.2(b).




1. Appointed counsel has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Court of Criminal Appeals. See Bledsoe v. State, 178 S.W.3d 824, 827 & n.6 (Tex. Crim. App. 2005); 
 Ex Parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens v. State, 35 S.W.3d 770, 771-72 (Tex. App.--Houston [1st Dist.] 2000, no pet.).