Opinion issued August 26, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01076-CR

———————————

Adrian Thomas, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 263rd District Court

Harris County, Texas



Trial Court Case No. 1017263

 



 

MEMORANDUM OPINION

          This
is an appeal from the denial of forensic DNA testing of evidence.  Tex.
Code Crim. Proc. arts. 64.03, .05 (Vernon 2006 & Supp. 2009).  The brief submitted by appellant Adrian
Thomas’s court-appointed counsel states his professional opinion that there are
no arguable grounds for reversal on appeal and that any appeal would,
therefore, be wholly frivolous.  See Anders v. California, 386 U.S. 738,
744, 87 S. Ct. 1396, 1400 (1967). 
Counsel’s brief meets the minimum requirements by presenting a
professional evaluation of the record and stating why there are no arguable
grounds for reversal on appeal.  See Broadnax
v. State, 473 S.W.2d 468, 469 (Tex. Crim. App. 1971) (citing Gainous v. State, 436 S.W.2d 137,
138 (Tex. Crim. App. 1969) (plurality op.)). 
Thomas has filed a pro se response. 
The State has waived its opportunity to file an appellee’s brief.

          When
this Court receives an Anders brief
from a defendant’s court‑appointed attorney who asserts that an appeal
would be wholly frivolous, we must determine that issue independently by
conducting our own review of the entire record. 
Anders, 386 U.S. at 744, 87 S.
Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after
full examination of proceedings, whether case is “wholly frivolous”); Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991).  In conducting
our review, we consider any pro se response that the defendant files to his
appointed counsel’s Anders
brief.  See Bledsoe v. State, 178
S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

          Our
role is limited to determining whether arguable grounds for appeal exist.  Id.
at 827.  If we determine that arguable
grounds for appeal exist, we must abate the appeal and remand the case to the
trial court to allow the court-appointed attorney to withdraw.  Id.  The trial court must then either appoint
another attorney to present all arguable grounds for appeal or, if the
defendant wishes, allow the defendant to proceed pro se.  Id.  We do not rule on the ultimate merits of
issues raised by defendant in his pro se response.  Id.  If we determine that there are arguable
grounds for appeal, defendant is entitled to have new counsel address the
merits of the issues raised.  Id. 
“Only after the issues have been briefed by new counsel may [we] address
the merits of the issues raised.”  Id.

          If,
on the other hand, we determine, from our independent review of the entire
record, that the appeal is wholly frivolous, we may affirm the trial court’s
judgment by issuing an opinion in which we explain that we have reviewed the
record, determined that the appeal is wholly frivolous, and concluded there is no
reversible error.  See id. at 826.  The holding
that there are no arguable grounds for appeal is subject to challenge by a defendant
by a petition for discretionary review filed in the Court of Criminal
Appeals.  Id. at 827 & n.6.

          In
accordance with Anders, 386 U.S. at
744–45, 87 S. Ct. at 1400, and Bledsoe,
178 S.W.3d at 826–27, we have reviewed the record, Thomas’s appointed counsel’s
Anders brief, and Thomas’s pro se
response to that brief, and determine that the appeal is wholly frivolous and
conclude that no reversible error exists. 
Having reached that conclusion, we affirm the order of the trial court denying
DNA testing and grant Thomas’s appointed counsel’s motion to withdraw.  Appointed counsel still has a duty to (1) send Thomas a copy
of the opinion and judgment in this case, (2) notify Thomas of any upcoming appellate
deadlines not previously disclosed (e.g., to file a pro se motion for rehearing
or petition for discretionary review), (3) inform Thomas that he may, on his
own, file a pro se petition for discretionary review in the Court of Criminal
Appeals under Texas Rule of Appellate Procedure 68, and (4) file with the Clerk
of this Court within five days from the date of this opinion the documents
required by Texas Rules of Appellate Procedure 6.5(c) and 48.4.  See
Bledsoe, 178 S.W.3d at 827 & n.6;
Ex Parte Wilson, 956 S.W.2d 25, 27
(Tex. Crim. App. 1997); Stephens v. State,
35 S.W.3d 770, 771–72 (Tex.
App.—Houston [1st Dist.] 2000, no pet.).

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Justices Jennings, Alcala, and Massengale.

 Do not
publish.  Tex. R. App. P. 47.2(b).