Opinion issued June 2, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-09-00628-CR

          01-11-00418-CR

———————————

CHRISTOPHER
JAY LILLIAN,
Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 300th District Court

Brazoria County, Texas



Trial Court Case No. 53501 (Count One & Count Two)

 



 

MEMORANDUM OPINION

          These are two appeals from a judgment revoking deferred‑adjudication
community supervision and adjudicating guilt on two counts of sexual assault.[1]  Tex. Penal Code Ann. § 22.011(a)(2)(A) (count one), (C)
(count two) (West Supp. 2010); Tex. Code
Crim. Proc. Ann. art. 42.12, §§ 5(b), 21, 23 (West Supp. 2010), art.
44.02 (West 2006).

          The brief submitted by
appellant Christopher Jay Lillian’s court-appointed counsel states her
professional opinion that there are no arguable grounds for reversal on appeal
and that any appeal would, therefore, be wholly frivolous.  See
Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400
(1967).  Counsel’s brief meets the
minimum requirements by presenting a professional evaluation of the record and
stating why there are no arguable grounds for reversal on appeal.  See
Broadnax v. State, 473 S.W.2d 468,
469 (Tex. Crim. App. 1971) (citing Gainous
v. State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969) (plurality op.)).  Appellant has filed a pro se response.  The State has waived its opportunity to file
a brief.

          When this Court receives an Anders brief from a defendant’s court‑appointed attorney who
asserts that an appeal would be wholly frivolous, we must determine that issue
independently by conducting our own review of the entire record.  Anders,
386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not
counsel—determines, after full examination of proceedings, whether case is
“wholly frivolous”); Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 
In conducting our review, we consider any pro se response that the
defendant files to his appointed counsel’s Anders
brief.  See Bledsoe v. State, 178
S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

          Our
role is limited to determining whether arguable grounds for appeal exist.  Id.
at 827.  If we determine that arguable
grounds for appeal exist, we must abate the appeals and remand the cases to the
trial court to allow the court-appointed attorney to withdraw.  Id.  The trial court must then either appoint
another attorney to present all arguable grounds for appeal or, if the
defendant wishes, allow the defendant to proceed pro se.  Id.  We do not rule on the ultimate merits of
issues raised by defendant in his pro se response.  Id.  If we determine that there are arguable
grounds for appeal, defendant is entitled to have new counsel address the
merits of the issues raised.  Id. 
“Only after the issues have been briefed by new counsel may [we] address
the merits of the issues raised.”  Id.

          If,
on the other hand, we determine, from our independent review of the entire
record, that the appeal is wholly frivolous, we may affirm the trial court’s
judgment by issuing an opinion in which we explain that we have reviewed the
record, determined that the appeal is wholly frivolous, and concluded there is no
reversible error.  See id. at 826.  The holding
that there are no arguable grounds for appeal is subject to challenge by a defendant
by a petition for discretionary review filed in the Court of Criminal
Appeals.  Id. at 827 & n.6.

          In
accordance with Anders, 386 U.S. at
744–45, 87 S. Ct. at 1400, and Bledsoe,
178 S.W.3d at 826–27, we have reviewed the record, appellant’s appointed
counsel’s Anders brief, and appellant’s
pro se response to that brief, and determine that the appeal is wholly
frivolous and conclude that no reversible error exists.  Because the judgment revoking deferred‑adjudication
community supervision and adjudicating guilt incorrectly identifies the case as
being in the 23rd District Court of Brazoria County instead of the 300th
District Court of Brazoria County, we modify the trial court’s judgment to
reflect that the case is in the 300th District Court of Brazoria County.  As so modified, we affirm the judgment
revoking deferred‑adjudication community supervision and adjudicating
guilt in both count one and count two.  See Tex.
R. App. P. 43.2(b).  We grant appellant’s
appointed counsel’s motion to withdraw.  Appointed counsel still has a duty to
(1) send appellant a copy of the opinion and judgment in these cases, (2)
notify appellant of any upcoming appellate deadlines not previously disclosed (e.g.,
to file a pro se motion for rehearing or petition for discretionary review),
(3) inform appellant that he may, on his own, file a pro se petition for discretionary
review in the Court of Criminal Appeals under Texas Rule of Appellate Procedure
68, and (4) file with the Clerk of this Court within five days from the date of
this opinion the documents required by Texas Rules of Appellate Procedure 6.5(c)
and 48.4.  See Bledsoe, 178 S.W.3d
at 827 & n.6; Ex Parte Wilson,
956 S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens
v. State, 35 S.W.3d 770, 771–72
(Tex. App.—Houston [1st Dist.] 2000, no pet.).

 

PER CURIAM

 

Panel
consists of Chief Justice Radack and Justices Sharp and Brown.

 Do not
publish.  Tex. R. App. P. 47.2(b).











[1]        Trial‑court
count one is appellate case number 01-09-00628-CR,
and trial‑court count two is appellate case number 01-11-00418-CR.