Opinion issued June 16, 2011. 




In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00568-CR

———————————

GREGORY
WAYNE ARDOIN,
Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 252nd District Court  

Jefferson County, Texas



Trial Court Case No. 09-05546



 

MEMORANDUM OPINION

          Appellant, Gregory Wayne Ardoin, pleaded guilty to the
second-degree felony offense of burglary of a habitation with a plea agreement
of deferred adjudication and placement on community supervision for five years.
 See Tex. Penal Code Ann.
§§ 30.02(a)(3), 30.02(c)(2) (West 2010). 
The State subsequently moved to revoke the community supervision.  After a hearing, the trial court found true
the State’s allegations that Ardoin had violated the conditions of his
community supervision, revoked it, and sentenced him to twenty years’
confinement.   Ardoin’s court-appointed appellate counsel
filed a motion to withdraw along with a brief stating his professional opinion
that the appeal is without merit and that there are no arguable grounds for
reversal.  See Anders v. California, 386 U.S. 738, 744 (1967).  Ardoin has not submitted a pro se reply
brief.  We have reviewed the record in its entirety and,
having found no reversible error, we grant counsel’s motion to withdraw and
affirm the judgment of the trial court.

Background

In February 2009, the State charged Ardoin by indictment
with burglary of a habitation.  In March
2009, he pleaded guilty to the offense with an agreed punishment recommendation
of deferred adjudication and a five hundred dollar fine.  The court ordered deferred adjudication and
placed Ardoin under community supervision for a term of five years subject to a
variety of conditions.  In May 2010, the
State moved to revoke Ardoin’s community supervision, alleging in six counts
that he violated its terms.  Ardoin
pleaded true to four of the six counts, specifically that: (1) he committed the
offense of damage to property and resisting a police officer in another state;
(2) he failed to report to the probation department for seven months; (3) he
failed to report to the probation office on a weekly basis, and (4) he left the
state without permission.  The trial
court found that Ardoin violated these four terms, revoked his community
supervision, and assessed his punishment at twenty years’ confinement.  Ardoin timely filed his notice of appeal.  The trial court certified appellant's right to appeal by
stating that this “is
not a plea-bargain case, and the defendant has the right to appeal.”


Discussion

The brief
submitted by Ardoin’s court-appointed appellate counsel states his professional
opinion that no arguable grounds for reversal exist, and any appeal would,
therefore, lack merit.  Anders, 386 U.S. at 744.  Counsel’s brief meets the minimum Anders requirements by presenting a professional
evaluation of the record and stating why there are no arguable grounds for
reversal on appeal.  See Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  Counsel sent a copy of the brief to Ardoin,
requested permission to withdraw from the case, and notified Ardoin of his
right to review the record and file a pro
se response.  Ardoin filed a pro se notice of appeal, but never filed
a separate response. 

          When
we receive an Anders brief from a
defendant’s court-appointed attorney who asserts that no arguable grounds for
appeal exist, we must determine that issue independently by conducting our own
review of the entire record.  See Anders, 386 U.S. at 744 (emphasizing
that reviewing court—and not counsel—determines, after full examination of
proceedings, whether case is “wholly frivolous”); Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991).  Any pro
se response is also considered.  See Bledsoe v. State, 178 S.W.3d 824,
826–28 (Tex.
Crim. App. 2005).

          Thus,
our role in this Anders appeal, which
consists of reviewing the entire record, is limited to determining whether
arguable grounds for appeal exist.  See id. at 827.  If we determine that arguable grounds for
appeal exist, we abate the appeal and remand the case to the trial court to
allow the court-appointed attorney to withdraw. 
See id.  Then, the trial court appoints another
attorney to present all arguable grounds for appeal.  See id.  If we determine that arguable grounds for
appeal do exist, Ardoin is entitled to have new counsel address the merits of
the issues raised.  See id.  “Only after the
issues have been briefed by new counsel may [we] address the merits of the
issues raised.”  Id. 

          On
the other hand, if our independent review of the record leads us to conclude
that the appeal is wholly frivolous, we may affirm the trial court’s judgment
by issuing an opinion in which we explain that we have reviewed the record and
find no reversible error.  Bledsoe, 178 S.W.3d at 826–28. Ardoin
may challenge the holding that there are no arguable grounds for appeal by
petitioning for discretionary review in the Court of Criminal Appeals.  Id.
at 827 & n.6.

          Following
Anders and Bledsoe, we have reviewed the record and counsel’s Anders brief.  We conclude that no reversible error exists.
Consequently, we affirm the judgment of the trial court and grant counsel’s
motion to withdraw.[*]

Conclusion

We affirm the
judgment of the trial court and grant appointed counsel’s motion to withdraw.

 

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Bland and Wilson[†].

Do not publish. 
 Tex. R. App. P. 47.2(b).











[*]
          Appointed
counsel still has a duty to inform appellant of the result of this appeal, send
appellant a copy of this opinion and judgment, and notify appellant that he
may, on his own, pursue discretionary review in the Court of Criminal Appeals.  Tex. R.
App. P. 48.4; see also Bledsoe, 178 S.W.3d at 827; Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997); Stephens v. State,
35 S.W.3d 770, 771–72 (Tex. App.—Houston
[1st Dist.] 2000, no pet.). 





[†]           The
Honorable Randy Wilson, Judge of the 157th District Court of Harris County,
participating by assignment.