Opinion issued October 6, 2011.



In The 

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00628-CR

———————————

Lexus Clark, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 263rd District Court

Harris County, Texas



Trial Court Case No. 1239033

 



 

MEMORANDUM OPINION

Lexus Clark pled guilty to the felony offense of aggravated
robbery.  See Tex. Penal Code Ann.
§ 29.03 (West 2003). After a pre-sentencing investigation hearing, the trial
court assessed punishment at ten years’ confinement. Clark’s court-appointed
counsel has filed a motion to withdraw and an Anders brief in which he states that no valid grounds for appeal
exist and that any appeal would be frivolous. See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400
(1967). Clark has not filed a pro se
response. Because we conclude that appellant has raised no arguable grounds for
appeal, we grant counsel’s motion to withdraw and affirm the judgment of the
trial court.

Background

In January 2010, the State charged
Clark by indictment with aggravated robbery, a first degree felony offense
punishable by five to ninety-nine years’ imprisonment. See Tex. Penal Code Ann. §§ 12.32, 29.03 (West 2003). Her
guilty plea was signed by Clark, her counsel, and counsel for the State, and it
was approved by the court. At the pre-sentencing hearing, Clark admitted to
participating in the aggravated robbery, showed remorse for her crime, and
expressed an intent to reform. The trial court sentenced her to ten years’ imprisonment.
This appeal followed.

Discussion

The brief submitted by Clark’s
court-appointed counsel states his professional opinion that there are no
arguable grounds for reversal on appeal and that any appeal would, therefore,
lack merit. See Anders, 386
U.S. at 744, 87 S. Ct. at 1400. Counsel’s
brief meets the minimum Anders
requirements by presenting a professional evaluation of the record and stating
why there are no arguable grounds for reversal on appeal. See id.; see also In re
Schulman, 252 S.W.3d 403, 406–07 (Tex. Crim. App. 2008). Counsel sent Clark
a letter informing her of his conclusion that there was no reversible error
that could be raised on her behalf on appeal, explaining his analysis in
reaching that conclusion, and stating that he filed an Anders brief with the Court. He also informed Clark of her right to
examine the record and file a pro se
brief. He provided her with a copy of the his Anders brief, his motion to withdraw, and rule 68 of the Texas
Rules of Appellate Procedure.

When we receive an Anders brief from a defendant’s
court-appointed attorney who asserts that no arguable grounds for appeal exist,
we must determine that issue independently by conducting our own review of the
entire record. See Anders, 386 U.S.
at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court, and not counsel,
determines, after full examination of proceedings, whether case is “wholly
frivolous”); Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). 
In conducting our review, we consider any pro se response that the defendant files to her appointed counsel’s
Anders brief. See Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App.
2005). If our independent review of the record leads us to conclude that the
appeal is wholly frivolous, we may affirm the trial court’s judgment by issuing
an opinion in which we explain that we have reviewed the record and find no
reversible error. Id. at 828. Clark
may challenge the holding that there are no arguable grounds for appeal by
petitioning for discretionary review in the Court of Criminal Appeals. Id. at 827 & n.6.

Conclusion

          In
accordance with Anders and Bledsoe, we have reviewed the record and
the Anders brief from Clark’s
appointed counsel. We conclude that there are no arguable grounds for reversal
on appeal. We therefore affirm the judgment of the trial court and grant
appointed counsel’s motion to withdraw.[1]

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Justices Jennings, Sharp and Brown.

Do
not publish.   Tex. R. App. P. 47.4.











[1]
          Appointed counsel still has a
duty to inform Clark of the result of this appeal and that she may, on her own,
pursue discretionary review in the Court of Criminal Appeals.  See
Bledsoe v. State, 178 S.W.3d 824, 827 & n.6 (Tex. Crim. App. 2005); Ex Parte Wilson, 956 S.W.2d 25, 26–27
(Tex. Crim. App. 1997); Stephens v. State,
35 S.W.3d 770, 771-72 (Tex. App.—Houston [1st Dist.] 2000, no pet.).