Opinion issued November 30, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01016-CR

———————————

Frank Anzaldua Lira, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 240th District Court

Fort Bend County, Texas



Trial Court Case No. 46928A

 



 

MEMORANDUM OPINION

A jury found appellant Frank Anzaldua Lira guilty of knowingly
and intentionally possessing with the intent to deliver more than 4 grams but
less than 200 grams of cocaine and assessed his punishment at forty-five years’
confinement.  See Tex.
Health & Safety Code Ann. §§ 481.102(3)(D),
481.112(a),(d) (West 2010); Tex. Penal
Code Ann. § 12.32(a) (West 2011). 
Lira filed a
timely notice of appeal.  

Lira’s court-appointed counsel filed a brief in which he
concludes that there are no arguable grounds for reversal on appeal and that
any appeal would, therefore, lack merit. 
See Anders v. California, 386
U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). 
Counsel’s brief meets the minimum Anders
requirements by presenting a professional evaluation of the record and stating
why there are no arguable grounds for reversal on appeal.  See id.;
see also In re Schulman, 252 S.W.3d
403, 406–07 (Tex. Crim. App. 2008).  A
copy of counsel’s brief was delivered to Lira and Lira has been advised of his
right to examine the appellate record and file a pro se response.  See
Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991).  

When we receive an Anders
brief from a defendant’s court-appointed attorney who asserts that no arguable
grounds for appeal exist, we must determine that issue independently by
conducting our own review of the entire record.  See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing
court, and not counsel, determines, after full examination of proceedings,
whether case is “wholly frivolous”); Stafford,
813 S.W.2d at 511.  In conducting our
review, we consider any pro se response that the defendant files to his appointed
counsel’s Anders brief.  See
Bledsoe v. State, 178 S.W.3d 824,
826–27 (Tex. Crim. App. 2005).  If our
independent review of the record leads us to conclude that the appeal is wholly
frivolous, we may affirm the trial court’s judgment by issuing an opinion in
which we explain that we have reviewed the record and find no reversible
error.  Id. at 828.  Lira may
challenge the holding that there are no arguable grounds for appeal by
petitioning for discretionary review in the Court of Criminal Appeals.  Id.
at 827 & n.6.

Conclusion

In accordance with Anders
and Bledsoe, we have reviewed the
record and the Anders brief from
Lira’s appointed counsel.  We conclude
that there are no arguable grounds for reversal on appeal.  We therefore affirm the judgment of the trial
court and grant appointed counsel’s motion to withdraw.[1]

PER CURIAM

Panel
consists of Justices Jennings, Sharp and Brown.

Do not publish.   Tex. R.
App. P. 47.2(b).

 

 

 











[1]           Appointed
counsel still has a duty to inform Lira of the result of this appeal and that
he may, on his own, pursue discretionary review in the Court of Criminal
Appeals.  See Bledsoe v. State, 178 S.W.3d 824, 827 & n.6 (Tex. Crim.
App. 2005); Ex Parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens
v. State, 35 S.W.3d 770, 771–72 (Tex. App.—Houston [1st Dist.] 2000, no
pet.).