Opinion issued May 10, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00546-CR

———————————

WIlly Woody Jones a/k/a Gary R. Hinton, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 178th District Court 

Harris County, Texas



Trial Court Case No. 1226465

 



 

MEMORANDUM OPINION

A jury found appellant, Willy Woody Jones, guilty of burglary of a
habitation and, after finding two enhancement paragraphs true—that Jones has two
prior convictions for burglary of habitation—assessed his punishment at confinement
for life.  See Tex. Penal
Code Ann. § 30.02 (West 2011).  Jones’s court-appointed
counsel has filed a motion to withdraw from Jones’s representation on appeal,
stating that a complete review of the record has revealed no arguable grounds
of error.  See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).  Jones has not submitted a pro se reply
brief.  We have reviewed the
record in its entirety and, having found no reversible error, we grant counsel’s
motion to withdraw and affirm the judgment of the trial court.

Background

In July 2009, Office Bogar responded to a 9-1-1
call about a suspicious person entering the complainant’s house.  When he approached the house, he found Jones
in the backyard, carrying a pillowcase filled with jewelry and electronics.  Officer Bogar also observed
a step ladder under a broken window to the house.  Based on the presence of the step ladder and
broken window, Officer Bogar concluded that Jones had
entered the house through the window and stolen the items in the pillow case.  He then arrested Jones on suspicion of
burglary of a habitation. 

After the responding officers inventoried the pillow case and found
jewelry, electronic game cartridges, a DVD player, and a, electronic game
system, they contacted the complainant, Diane Bowen.  Bowen met the officers at her house and
identified the items as belonging to her. 
Bowen had been at work that day. 
She testified that she had not arranged for anyone to work at her house nor
given consent for Jones to enter her house. 

On direct-examination, the prosecutor asked Bowen:  “How did it make you feel to know that
someone had been in your children’s room?” Jones objected to the relevance of
the question, and the trial court overruled his objection.  Bowen testified that, “[w]e felt very violated.  My
children were very scared . . . we felt violated.”  Jones raised no other objections during
trial.

Discussion

          Counsel’s brief meets the minimum requirements of Anders v. California, 386 U.S. 738, 744,
87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the
record and stating why there are no arguable grounds of error on appeal. See Gainous v.
State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  Counsel sent a copy of the brief to Jones,
requested permission to withdraw, and informed Jones of his right to file a pro
se response.  Jones did not file a pro se
response.  

When we receive an Anders
brief from a defendant’s court-appointed attorney who asserts that no arguable
grounds for appeal exist, we must determine that issue independently by
conducting our own review of the entire record. See Anders, 386 U.S. at
744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of
proceedings, whether case is “wholly frivolous”); Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). Any
pro se response is also considered. See
Bledsoe v. State, 178 S.W.3d 824, 826–28 (Tex. Crim.
App. 2005).

Thus, our role in this Anders
appeal, which consists of reviewing the entire record, is limited to
determining whether arguable grounds for appeal exist.  See id.
at 827.   If we
determine that arguable grounds for appeal exist, we abate the appeal and
remand the case to the trial court to allow the court-appointed attorney to
withdraw.  See id.  Then, the trial
court appoints another attorney to present all arguable grounds for appeal.  See id.
 If we determine that arguable grounds
for appeal exist, then Jones is entitled to have new counsel address the merits
of the issues raised.  See id.  “Only after the issues have been briefed by
new counsel may [we] address the merits of the issues raised.” Id.

On the other hand, if our independent review of the record
leads us to conclude that the appeal is wholly frivolous, then we may affirm
the trial court’s judgment by issuing an opinion in which we explain that we
have reviewed the record and find no reversible error.  Bledsoe,
178 S.W.3d at 826–28. 
Jones may challenge the holding that there are no arguable grounds for
appeal by petitioning for discretionary review in the Court of Criminal
Appeals.  Id. at 827 & n.6.

Following Anders
and Bledsoe, we have reviewed the
record and counsel’s Anders brief.  We conclude that no reversible error
exists.  Consequently, we affirm the
judgment of the trial court and grant counsel’s motion to withdraw.[1]




 

Conclusion

We affirm the judgment of the trial court and grant appointed
counsel’s motion to withdraw.

 

 

                                                                      Jane
Bland

                                                                      Justice


 

Panel
consists of Justices Keyes, Bland and Sharp.

Do
not publish.   Tex. R.
App. P. 47.2(b).











[1]         Appointed
counsel still has a duty to inform appellant of the result of this appeal, send
appellant a copy of this opinion and judgment, and notify appellant that he
may, on his own, pursue discretionary review in the Court of Criminal Appeals. Tex. R. App. P. 48.4; see also Bledsoe, 178 S.W.3d at 827; Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997); Stephens v. State, 35
S.W.3d 770, 771–72 (Tex. App.—Houston [1st Dist.]
2000, no pet.).