**Opinion issued October 4, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00988-CR

————————————

**WALTER SEYMORE, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1222650**

---

**MEMORANDUM OPINION**

A trial court convicted Walter Seymore, Jr. of murder and assessed punishment at twenty-five years' confinement. *See* TEX. PENAL CODE ANN. § 19.02 (West 2011). Seymore's court-appointed counsel has filed a motion to withdraw

and an *Anders* brief in which he states that no valid grounds for appeal exist and that any appeal would be frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Seymore's *pro se* response challenges his appellate counsel's recommendation and raises arguments relating to (1) improper use of evidence of prior convictions, (2) ineffective assistance of counsel, and (3) an alleged failure to issue *Miranda* rights. Because we conclude that appellant has raised no arguable grounds for appeal, we grant counsel's motion to withdraw and affirm the judgment of the trial court.

## Background

In July 2009, the State charged Seymore by indictment with murder, a first degree felony offense punishable by five to ninety-nine years' imprisonment. *See* TEX. PENAL CODE ANN. §§ 12.32(a), 19.02 (West 2011). Seymore pled not guilty. After a bench trial, the trial court found Seymore guilty of the offense as charged and sentenced him to twenty-five years' confinement. The trial court certified Seymore's right to appeal, and he timely filed his notice of appeal.

## Discussion

The brief submitted by Seymore's court-appointed counsel states his professional opinion that there are no arguable grounds for reversal on appeal and that any appeal would, therefore, lack merit. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400. Counsel's brief presents counsel's professional evaluation of the record

2

and states why he contends there are no arguable grounds for reversal on appeal. *See id.*; *see also In re Schulman*, 252 S.W.3d 403, 406–07 (Tex. Crim. App. 2008). Counsel sent Seymore a letter informing him of his conclusion that there was no reversible error that could be raised on his behalf on appeal, explaining his analysis in reaching that conclusion, and stating that he filed an *Anders* brief with the Court. He also informed Seymore of his right to examine the record and file a *pro se* brief. He provided Seymore with a copy of his *Anders* brief, his motion to withdraw, and rule 68 of the Texas Rules of Appellate Procedure. Seymore filed a *pro se* brief with this court.

When we receive an *Anders* brief from a defendant's court-appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court, and not counsel, determines, after full examination of proceedings, whether case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). In conducting our review, we consider Seymore's *pro se* response to his counsel's *Anders* brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If our independent review of the record leads us to conclude that the appeal is wholly frivolous, we may affirm the trial court's judgment by issuing an opinion in which we explain that we have reviewed the record and find no

3

reversible error. *Id.* at 828. Seymore may challenge the holding that there are no arguable grounds for appeal by petitioning for discretionary review in the Court of Criminal Appeals. *Id.* at 827 & n.6.

## Conclusion

In accordance with *Anders* and *Bledsoe*, we have reviewed the record, the *Anders* brief from Seymore's appointed counsel, and Seymore's pro se response to the brief. We conclude that there are no arguable grounds for reversal on appeal. We therefore affirm the judgment of the trial court and grant appointed counsel's motion to withdraw.[1]

                                        Harvey Brown
                                        Justice

Panel consists of Justices Keyes, Massengale and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform Seymore of the result of this appeal and that he may, on his own, pursue discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6; *Ex Parte Wilson*, 956 S.W.2d 25, 26–27 (Tex. Crim. App. 1997); *Stephens v. State*, 35 S.W.3d 770, 771–72 (Tex. App.—Houston [1st Dist.] 2000, no pet.).