**Opinion issued March 28, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00686-CR

————————————

**SCHYLER HILL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case No. 1277318**

---

## MEMORANDUM OPINION

Appellant, Schyler Hill, without an agreed punishment recommendation from the State, pleaded guilty to the offense of aggravated sexual assault,[1] and the

---

[1]   *See* TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2012).

trial court assessed his punishment at confinement for forty-five years. The trial court certified that this is not a plea bargain case and appellant has the right to appeal.

Appellant's counsel on appeal has filed a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and detailing why there are no arguable grounds for reversal. *Id*.; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).

The brief also reflects that counsel delivered a copy of the brief to appellant and advised appellant of his right to file a pro se response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has not filed a pro se response. The State has waived its opportunity to file an appellee's brief.

When this Court receives an *Anders* brief from a defendant's court-appointed appellant counsel, we conduct a review of the entire record to determine whether the appeal is frivolous, i.e., whether it presents any arguable grounds for appeal. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Stafford v. State*, 813 S.W.2d 503, 510–511 (Tex. Crim. App. 1991). An appeal is frivolous when it does not present any argument that could "conceivably persuade the court." *In re Schulman*, 252 S.W.3d at n.12. In conducting our review, we consider the

2

appellant's pro se response, if any, to his counsel's *Anders* brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Having reviewed the record and counsel's brief, we agree that there is no reversible error and the appeal is frivolous and without merit. *See id.*

We affirm the judgment of the trial court. We grant appellate counsel's motion to withdraw.[2] *See Stephens v. State*, 35 S.W.3d 770, 771–72 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (per curiam). Counsel must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2]   Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See In re Schulman*, 252 S.W.3d 403, 411 (Tex. Crim. App. 2008); *Stephen v. State*, 35 S.W.3d 770, 771–72 (Tex. App.—Houston [1st Dist.] 2000, no pet. (per curiam).