**Opinion issued April 9, 2013.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NOS. 01-11-00311-CR**

**01-11-00312-CR**

———————————

**RANFERY PALACIOS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1177546 and 1191389**

---

**MEMORANDUM OPINION**

A Harris County grand jury indicted Ranfery Palacios for the first-degree felony offenses of aggravated robbery and aggravated kidnapping.  *See* TEX.

PENAL CODE ANN. §§ 20.04, 29.03 (West 2011). Palacios pleaded guilty to the crimes charged without an agreed recommendation from the State as to punishment. After ordering a pre-sentence investigation and considering the PSI report, the trial court found Palacios guilty of both offenses and assessed a sentence of ten years' imprisonment for each offense, to run concurrently.

Palacios's court-appointed counsel has filed a motion to withdraw from Palacios's representation on appeal, stating that a complete review of the record has revealed no arguable grounds of error. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Palacios has not submitted a pro se reply brief. We have reviewed the record in its entirety and, having found no reversible error, we grant counsel's motion to withdraw and affirm the judgments of the trial court.

## Background

The indictments allege that in August 2008, Palacios exhibited a firearm while in the course of committing a theft of property from Rosita Gonzales, and he abducted Gonzales with the intent to prevent her liberation by threatening her with a firearm. Palacios entered open pleas of guilty to the felony offenses charged. The trial court admonished Palacios of the consequences of his pleas, including the range of sentencing applicable to a first-degree felony conviction, and withheld a finding of guilt until completion of the pre-sentence investigation report. The record reflects that Palacios had the opportunity to consult with counsel before

entering his pleas and that he knowingly waived his right to trial. The sentences imposed fall within the applicable range of punishment.

## Discussion

Counsel's brief meets the minimum requirements of *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the record and stating why there are no arguable grounds of error on appeal. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Counsel sent a copy of the brief to Palacios, requested permission to withdraw from the case, and notified Palacios of his right to review the record and to file a pro se response.

When we receive an *Anders* brief from a defendant's court-appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). Any pro se response is also considered. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

Thus, our role in this *Anders* appeal, which consists of reviewing the entire record, is limited to determining whether arguable grounds for appeal exist. *See id.*

3

at 827.  If we determine that arguable grounds for appeal exist, we abate the appeal and remand the case to the trial court to allow the court-appointed attorney to withdraw.  *See id.*  Then, the trial court appoints another attorney to present all arguable grounds for appeal.  *See id.*  If we determine that arguable grounds for appeal do exist, Palacios is entitled to have new counsel address the merits of the issues raised.  *See id.*  "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised."  *Id.*

On the other hand, if our independent review of the record leads us to conclude that the appeal is wholly frivolous, we may affirm the trial court's judgment by issuing an opinion in which we explain that we have reviewed the record and find no reversible error.  *Bledsoe*, 178 S.W.3d at 826–28.  Palacios may challenge the holding that there are no arguable grounds for appeal by petitioning for discretionary review in the Court of Criminal Appeals.  *Id.* at 827 & n.6.

Following *Anders* and *Bledsoe*, we have reviewed the record in each case as well as Palacios's appointed counsel's *Anders* brief.  We conclude that no reversible error exists.  Consequently, we affirm the judgment of the trial court and grant counsel's motion to withdraw.[1]

---

[1]  Appointed counsel still has a duty to inform appellant of the result of this appeal, send appellant a copy of this opinion and judgment, and notify appellant that he may, on his own, pursue discretionary review in the Court of Criminal Appeals. TEX. R. APP. P. 48.4; *see also Bledsoe*, 178 S.W.3d at 827; *Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997); *Stephens*

4

## Conclusion

We affirm the judgments of the trial court and grant appointed counsel's motion to withdraw.

Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish.   TEX. R. APP. P. 47.2(b).

---

*v. State*, 35 S.W.3d 770, 771–72 (Tex. App.—Houston [1st Dist.] 2000, no pet.).